Edward F. Crawford, J.
Petitioner moved for an order pursuant to section 21 of the Lien Law discharging liens of respondents filed as public improvement liens pursuant to section 12 of the Lien Law. Petitioner contends that the improvements are not public improvements within the meaning of the Lien Law by reason of the fact that it is not a public corporation.
Petitioner was organized as a limited-profit housing company pursuant to article 2 of the Private Housing Finance Law. Subsequent to being organized, it entered into an agreement with the New York State Urban Development Corporation (UDC), a public benefit corporation created by chapter 174 of the Laws of 1968. The agreement included a financial plan whereby UDC advanced Or agreed to advance the sum of $1,853,000, 95% of the cost of a housing project in the Village of Minoa, Town of Manlius, Onondaga County, New York. Five percent of the project cost was raised privately. The loan from UDC was to be repaid over a period of years; it was secured by a mortgage on the property being developed. Additionally, the petitioner and its shareholder, Oot Bros., Inc., entered into an agreement with the Urban Development Corporation known as a stock pledge agreement and irrevocable proxy under which all of the issued and outstanding stock in the petitioner was pledged and physically delivered to the Urban Development Corporation to secure the petitioner’s duty to perform and develop the project in accord with the plan of development approved by the Urban Development Corporation. Under terms of the stock pledge agreement the pledgor retained the right to receive dividends.
There is no question but what the shares of stock of the petitioner were all held by UDC pursuant to the stock pledge agreement at the time the liens were filed by respondents, Edward Joy Company and Graybar Electric Company, Inc.; for this reason there is no question but what the petitioner was a subsidiary of UDC within the mean of section 12 of the Urban Development Corporation Act (L. 1968, ch. 174, § 12) which states that “ such ■ corporation shall be deemed .a subsidiary corporation whenever and so long as (i) more than half of any voting shares of such subsidiary are owned or held by the corporation ”, However, the court holds that the petitioner, albeit a subsidiary of UDC within the meaning of section 12 of the Urban Development Corporation Act (L. 1968, ch. 174, § 12), is not a public corporation despite the fact that UDC is itself a public corporation by reason of being defined in its enabling statute as a public benefit corporation.
*963 In making this holding the court relies upon the definitions contained in the various statutes of the State and the nature of the petitioner as therein defined. Subdivision 6 of section 2 of the Lien Law defines a public corporation as “ a municipal corporation or a district corporation or a public benefit corporation as such corporations are defined in section three of the general corporation law.” Subdivision 7 of section 2 of the Lien Law defines a public improvement as “ an improvement of any real property belonging to the state or a public corporation.” Clearly the petitioner is not a municipal corporation or a district corporation as defined by section 3 of the General Corporation Law.
An examination of the nature of a limited profit housing company as created by the Private Housing Finance Law makes manifest that there are too many incidents of private ownership involved in such a corporation to bring it within the definition of a public benefit corporation as set forth in subdivision 4 of section 3 of the General Corporation Law which states: “ a public benefit corporation is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof.” The profits of a corporation organized pursuant to the Private Housing Finance Law, although limited, nevertheless enure to the benefit of the shareholders thereof and not to the State or the people of the State. Such a corporation as the petitioner is limited by section 28 of the Private Housing Finance Law to a 6% annual dividend or such greater amount not exceeding the rate of interest permitted by section 14-a of the Banking Law as the Commissioner of Housing of the State of New York, or other supervisory authority, may allow. However, such return goes to the private sector not the public and, furthermore, such a corporation organized subsequent to 1959, as was the petitioner, may, pursuant to subdivision 2 of section 35 of the Private Housing Finance Law, at the will of the private shareholders, be dissolved not less than 20 years after occupancy of the aided project upon payment of any balance due upon its publicly held mortgage. Any and all capital gains accruing over that period and all income subsequently derived therefrom enures, not to the benefit of the public or the State but directly to the private shareholders.
In finding this subsidiary of UDC not a public benefit corporation, the court notes no inconsistency with the intent of the Legislature which enacted chapter 174 of the Laws of 1968 or *964 with the will of the Governor who proposed the legislation and in his message to the Legislature relative thereto stated:£ £ these corporations will provide new vehicles for channeling private investment and expertise into urban core areas * * * The time has now come for the State to shift from its role as passive lender to an energetic partnership with private developers * * * This legislation incorporates maximum participation with private enterprise (N. Y. State Legislative Annual [1968], p. 435.)
Petitioner’s motion for an order dismissing respondents’ liens is hereby granted.