Edward F. Crawford, J.
Petitioner, the New York State Urban Development Corporation, brought this motion to discharge certain liens filed against it by Memphis Construction, Inc. totalling $834,219.35. The liens were filed on February 28, 1975 and March 24, 1975 and purported to attach to the property of petitioner in the Town of Lysander, New York. The liens as filed were filed as private improvement liens against the property of the Urban Development Corporation pursuant to section 3 of the Lien Law.
A private improvement lien attaches against the real property improved while a public improvement lien attaches against the money of the State or public corporation carrying out the public improvement to the extent of the money due upon the contract for the public improvement. The issue is whether or not the Urban Development Corporation is a public corporation as that term is defined in the Lien Law. For reasons hereafter set forth, this court holds that the Urban Development Corporation is a public corporation. Petitioner’s application is, therefore, granted.
A public corporation is defined in subdivision 6 of section 2 of the Lien Law as “a municipal corporation or a district corporation or a public benefit corporation as such corporations are defined in section three of the general corporation law.” While the General Corporation Law was repealed by chapter 451 of the Laws of 1973, effective September 1, 1974, the same definition of a public corporation which was therein set forth was continued in subdivision 1 of section 66 of the General Construction Law wherein a public corporation is defined to include “a municipal corporation, a district corporation, or a public benefit corporation.”
A public benefit corporation is defined by subdivision 4 of section 66 of the General Construction Law as "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof.”
The Urban Development Corporation was deemed a public benefit corporation by the Legislature when, for better or for worse, it was created by chapter 174 of the Laws of 1968. Section 4 thereof both creates and defines the Urban Development Corporation and states that it “shall be a corporate governmental agency of the state, constituting a political *234 subdivision and public benefit corporation”. The Legislature clearly chose to define the Urban Development Corporation as a public benefit corporation. By statute, it is, therefore, a public corporation and section 5 rather than section 3 of the Lien Law applies.
While this court, in Matter of Edgerton Estates v Edward Joy Co (78 Misc 2d 961) held that a limited profit housing corporation, albeit a subsidiary corporation of the Urban Development Corporation, was not a public corporation because there were too many aspects of private ownership and benefit to bring it within the definition of a public benefit corporation, the court cannot so distinguish the Urban Development Corporation itself which is not established for monetary gain or personal profit and has no private owners or shareholders. The Urban Development Corporation is directed by a board of directors consisting of nine members, four of whom are heads of departments of State government and five of whom are appointed by the Governor with the advice and consent of the State Senate. The profits of the Urban Development Corporation are intangible rather than monetary and take the form of the benefits (however dubious) to the general public resultant upon the extent to which it alleviates those social ills such as unemployment which are set forth in the enabling statute, section 2 of chapter 174 of the Laws of 1968.