Hon. John J. McLaughlin President New York City Health and Hospitals Corporation
Your counsel has asked whether the New York City Health and Hospitals Corporation (HHC) may establish a wholly owned, for-profit subsidiary corporation.
The declaration of policy and statement of purposes by the Legislature in establishing the New York City Health and Hospitals Corporation noted that there were serious shortages of adequately trained and qualified personnel to provide quality health care and treatment and inadequate general and specialized health care facilities (Unconsolidated Laws, § 7382). These inadequacies were attributed in part to a failure to keep abreast with technological changes and advances taking place in the medical field (ibid.). Therefore, the Legislature found the need for "a system permitting legal, financial and managerial flexibility [in] the provision and delivery of high quality, dignified and comprehensive care and treatment for the ill and infirm, particularly to those who can least afford such services" (ibid.). The New York City Health and Hospitals Corporation was created as a "body corporate and politic constituting a public benefit corporation" (id., § 7384). HHC was given the powers to operate, manage and control health facilities under its jurisdiction (id., § 7385[6]). The corporation may `'provide health and medical services for the public directly or by agreement or lease with any person, firm or private or public corporation or association, through and in the health facilities of the corporation" (id., § 7385[8]). HHC may also maintain and operate an ambulance service to transport patients to or from any health facilities of the corporation (id., § 7385[9]). The corporation may establish and collect fees and charges for the provision of these services (id., § 7385[8], [9]).
HHC has also been authorized to form subsidiaries. It has the power
 "[t]o exercise and perform all or part of its purpose, powers, duties, functions or activities through one or more wholly-owned subsidiary public benefit corporations subject to limitations provided herein. The board of the corporation by resolution may direct any of the directors, officers, or employees of the corporation to organize any such subsidiary corporation as a public benefit corporation * * *.
* * *
 "Each such subsidiary corporation and any of its properties, functions and activities shall have all of the privileges, immunities, tax exemptions and other exemptions of the corporation and of the corporation's properties, functions and activities except, however, no such subsidiary corporation shall issue bonds and notes or form subsidiary corporations." (Id., § 7385[20].)
There are three classifications of corporations (General Construction Law, § 65). A corporation is either a public corporation, a corporation formed for profit, or a corporation formed other than for profit (ibid.). The term public corporation includes municipal corporations, district corporations and public benefit corporations (ibid.). A public benefit corporation "is a corporation organized to construct or operate a public improvement wholly or partly within the State, the profits from which inure to the benefit of this or other states, or to the people thereof" (id., § 66[4]). The term "for-profit" corporation includes a business corporation, a moneyed corporation, a railroad corporation or a transportation corporation (id., § 65).
Your counsel has suggested that the purpose of section 7385(20) of the Unconsolidated Laws was to enable HHC to create subsidiary public benefit corporations, if it chooses to do so, without the need for further legislative action, rather than to limit its power to create subsidiaries that are not of that type. We have considered the Legislature's purpose in establishing HHC to permit legal, financial and managerial flexibility and have noted that HHC may do all things necessary, convenient or desirable to carry out its corporate purposes and for the exercise of the powers specifically granted by statute (id., §§ 7382, 7385[21]). However, in our opinion, while HHC may form subsidiaries, they may only be constituted as public benefit corporations. (We note in passing that the function mentioned for the proposed for-profit subsidiary, hospital group purchasing, can be effected through a public benefit corporation.)
First, the Legislature has authorized only the establishment of wholly-owned subsidiary public benefit corporations. There is no indication in the language of the enabling act that the establishment of this type of subsidiary is one of several options. Instead, the authorization is specific and limited. We do not believe that the power to establish a for-profit subsidiary should be implied, since it would have been easy for the Legislature to have specifically authorized the establishment of for-profit subsidiaries or to have provided flexibility. The HHC is an entity established and defined by statute. Its powers have been defined by the Legislature. The HHC may do all things necessary, convenient or desirable to carry out its statutory power (id., § 7385[21]). Its statutory power is to establish subsidiaries constituted as "public benefit corporations".
In the case of other public benefit corporations, the Legislature has specifically authorized the establishment of for-profit subsidiaries. For example, the New York State Urban Development Corporation is authorized to organize a subsidiary corporation in accordance with the Business Corporation Law, the Not-For-Profit Corporation Law or Articles 2, 4 or 11 of the Private Housing Finance Law (Unconsolidated Laws, § 6262[1]). As we previously stated, a business corporation is classified as a corporation formed for profit (General Construction Law, §65[d]). A corporation formed under Article 2 of the Private Housing Finance Law is a limited-profit business company, which is not a public corporation (Matter of Edgerton Estates v Joy Company, 78 Misc.2d 961
[Sup Ct, Onondaga Co, 1974]). Additionally, the United Nations Development Corporation is authorized to organize wholly-owned subsidiary corporations under any applicable provision of law including but not limited to the Private Housing Finance Law (Unconsolidated Laws, § 9605[11]). The Metropolitan Transportation Authority is authorized to establish wholly-owned subsidiary corporations and it may determine that one or more of its subsidiary corporations should be in the form of a public benefit corporation (id., § 1266[5]).
Thus, it is apparent that the Legislature has specifically authorized other public benefit corporations to establish for-profit subsidiaries. There is no such authorization in the case of the New York City Health and Hospitals Corporation, nor in light of the clear language authorizing only the establishment of subsidiary public benefit corporations, is there a basis for implying this power. The power to form a for-profit subsidiary is not incidental to any direct power, but instead, in our opinion would be inconsistent with section 7385(20) of the corporation's enabling act.
We conclude that the New York City Health and Hospitals Corporation may establish subsidiaries constituted only as public benefit corporations. It may not establish subsidiaries as for-profit corporations.