■ In the Matter of CARLAND CONSTRUCTION Co., INC., Respondent, v INFILCO DEGREMONT, INC., Appellant.—In a proceeding pursuant to Lien Law § 21 (5) to obtain approval of an undertaking offered in order to discharge a mechanic's lien on a public improvement, the lienor appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 22, 1988, which granted the approval, and denied its cross motion which was to vacate a prior order of the same court (Lombardo, J.), dated June 14, 1988, fixing the amount of the undertaking at $85,000.

Ordered that the order is affirmed, without costs or disbursements.

On November 4, 1987, Infilco Degremont, Inc. (hereinafter the lienor) filed a notice of lien against all moneys due or to become due to Carland Construction Co., Inc. (hereinafter Carland), under a contract entered into by Carland and the City of New York, by and through the Commissioner of the Department of Environmental Protection of the City of New York. The notice of lien stated that the sum of $77,000 had been owed to the lienor since March 26, 1987 for labor performed and materials supplied to Carland. The public improvement upon which the labor was performed and on

which the materials were used was the installation of secondary screens at the Hunts Point Water Pollution Control Plant in The Bronx, New York. The lienor filed the notice of lien with the Comptroller of the City of the New York, the Commissioner of Finance of the City of the New York and the Commissioner of the Department of Environmental Protection of the City of New York.

Subsequently, Carland obtained an ex parte order fixing the amount of an undertaking for the discharge of the lien at $85,000. The bond executed by Carland failed to name the City of New York itself as an obligee.

Thereafter, Carland moved pursuant to Lien Law § 21 (5) for an order approving the undertaking and discharging the lien and the lienor cross-moved to vacate the order dated June 14, 1988. The lienor appeals from the order granting the motion and denying the cross motion, contending that the bond was grossly defective because it did not name the City of New York itself as an obligee. It urges this court to modify the order appealed from to name the city as required obligee, and also to increase the amount of the undertaking to at least $111,650 to reflect interest which has accrued since the due date of the principal amount of $77,000. We find that the order was properly made and, therefore, decline to disturb it in any respect.

Lien Law § 21 (5) provides in pertinent part that a lien against the amount due or to become due a contractor may be discharged by "executing an undertaking * * * to the state or the public corporation with which the notice of lien is filed".

The notice of lien involved here was never filed with the city. Since the undertaking was executed to all public corporations "with which the notice of lien is filed", it was not defective.

Moreover, the term "public corporations" is a "catch-all category used in the statute to include all public agencies, other than the State, engaged in public improvements [and] broadly includes all municipal corporations, public authorities, public agencies other than the State itself, and other instrumentalities engaged in accomplishing public purposes" (Jensen, Mechanics' Liens § 361, at 380 [4th ed 1963]). The public officials named therein represent the City of New York and, therefore, an undertaking executed to them in their official capacities is an undertaking executed to the respective agencies of a municipal corporation. The undertaking need not name the city itself in order to be effective (see generally, Matter of Edgerton Estates v Joy Co., 78 Misc 2d 961).

Although Lien Law § 5 provides that a lienor shall have a lien for the principal and interest of the value or agreed price of the labor performed or the materials supplied, Lien Law § 21 (5) provides that the undertaking to be given to discharge a lien is "such sums as the court or a judge or justice thereof may direct, not less than the amount claimed in the notice of lien". At bar, the amount fixed by the court as the undertaking, to wit, $85,000, is far in excess of the amount claimed in the notice of lien, i.e., $77,000. We find that the Supreme Court did not improvidently exercise its discretion in fixing the amount of the undertaking and, therefore, decline the invitation to disturb it. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.