■ ROBERTA DAMEN et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [651 NYS2d 59] —In an action to recover damages for medical malpractice, etc., the defendants North Shore University Hospital, Suzanne Roland, Roger A. Hyman, Reynold Cesar, Lawrence Lind, Andrew Spitz, Barbara S. Galland, and Sandra Shaw, appeal from an order of the Supreme Court, Queens County (Le-Vine, J.), dated March 14, 1996, which denied their motion to preclude the plaintiff Roberta Damen from offering evidence of psychological and mental injuries, to strike such allegations from her pleadings, and for partial summary judgment dismissing that portion of the complaint seeking damages for psychological and mental injuries insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In an order dated November 22, 1995, the Supreme Court determined that medical records regarding the plaintiff Roberta Damen's prior hospitalizations for psychiatric, psychological, and drug treatment which predated the alleged obstetrical malpractice were not relevant to her claims in this action. Consequently, the court precluded the use of this information at trial and vacated certain demands for additional authorizations for those records. No appeal was taken from that order.

Based, in part, on the court's November 22, 1995 order, all but one of the defendants subsequently moved, *inter alia,* for partial summary judgment dismissing that portion of the com-

plaint seeking to recover damages for psychological and mental injuries allegedly sustained by Damen as a result of the instant malpractice. Contrary to the appellants' contention, the court did not err in denying their motion. The court's prior determination that the records of previous treatment were not relevant did not preclude Damen from proving psychological injuries proximately caused by the alleged malpractice. To the extent the appellants contend that the records are relevant and that they should be disclosed, those issues were determined in the prior order from which no appeal was taken and are not properly before us on this appeal *(see, Kirschoch v Ragucci,* 232 AD2d 611).

The appellants' remaining contention is without merit. Goldstein, J. P., Altman, Florio and Luciano, JJ., concur.