■ ROBERT LANDE, Respondent, v BARBARA LANDE, Appellant. [658 NYS2d 990] —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered March 21, 1996, which (1) granted the motion of the Law Guardian for fees and directed her to pay the Law Guardian fees of $5,425, and (2) directed her to supply her medical records to the Law Guardian and opposing counsel pursuant to prior orders in the court or pay a sanction in the sum of $2,000.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the appellant to pay the Law Guardian $5,425; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.

The appellant demanded a hearing with respect to the reasonableness of the Law Guardian's fees. Under the circumstances of this case, that issue cannot be determined without a hearing *(see, e.g., Kelly v Kelly,* 223 AD2d 625). However, since the appellant failed to make any financial disclosure to the court, she was properly denied a hearing as to her ability to pay *(see, Miller-Glass v Glass,* 237 AD2d 723; *Mockler v Mockler,* 205 AD2d 510).

We decline to review the question of whether the appellant was properly directed to turn over her medical records, since that relief was granted in prior orders from which no appeal was taken *(see, Damen v North Shore Univ. Hosp.,* 234 AD2d 255; *Haibi v Haibi,* 171 AD2d 842) or from which the appeal taken by the appellant was dismissed for failure to prosecute *(see, Bray v Cox,* 38 NY2d 350, 355).

We find no merit to the appellant's remaining contention. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.