■ In the Matter of B. SEMINARA CONSTRUCTION CORP., Respondent. W. J. CASEY TRUCKING & RIGGING CO., INC., Appellant. [736 NYS2d 890] —In a proceeding to discharge a public improvement mechanic's lien, the appeal is from an order of the Supreme Court, Rockland County (Nelson, J.), dated March 7, 2001, which granted the amended application to discharge the lien.

Ordered that the order is modified, on the law, by adding a provision thereto directing Seminara Construction Corp. to file an amended undertaking, naming the New York State Department of Transportation as obligee; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the time to comply with this provision is extended until 45 days after service by the appellant upon Seminara Construction Corp. of a copy of this decision and order.

Lien Law § 21 (5) states that the amount of the undertaking necessary to discharge a mechanic's lien is the amount "the court or a judge or justice thereof may direct, not less than the amount claimed in the notice of lien." The amount of the undertaking, $276,092.76, was approximately 10% in excess of the amount claimed in the notice of lien. That amount was set in a prior ex parte order dated January 25, 2001, and reiterated in an order dated February 15, 2001, wherein the court rejected the appellant's contention that the amount of the undertaking set by the court was inadequate.

The appellant did not appeal from the order dated February

15, 2001. In a decision dated March 7, 2001, the court noted that it "already decided [the] issue [of the amount of the bond] in its February 15, 2001 order." Since the appellant's argument was previously rejected in an order from which no appeal was taken, the issue is not properly before us on this appeal (*see, Teig v Nissequogue Golf Club,* 241 AD2d 448; *Damen v North Shore Univ. Hosp.,* 234 AD2d 255).

In any event, the contention that the amount of the undertaking is insufficient is without merit (*see, Matter of Carland Constr. Co. v Infilco Degremont, Inc.,* 152 AD2d 694, 696).

Lien Law § 21 (5) further provides that the obligee of the undertaking is the "state or the public corporation with which the notice of lien is filed." In the instant case, the mechanic's lien was filed with the New York State Department of Transportation. In view of the foregoing, the order appealed from should be modified to direct the contractor, Seminara Construction Corp., to file an amended undertaking to reflect that the obligee is the New York State Department of Transportation. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.