■ OLGA MARATEA, Appellant, v RAYMOND C. MARATEA, Respondent. — In an action for divorce and other related relief, plaintiff wife appeals from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated February 6, 1984, as denied those branches of her motion which sought (1) an interim award of attorney's fees, *pendente lite,* in the sum of $25,000, (2) an interim award of expert accounting fees, *pendente lite,* in the sum of $2,500, (3) an interim award of expert real estate appraisal fees, *pendente lite,* in the sum of $950, (4) discovery and inspection of all telephone bills of defendant husband's various corporations and other business enterprises for the years 1981, 1982 and 1983, (5) reimbursement in the sum of $2,254.41 in connection

with her partial audit of defendant husband's corporate books and records, and (6) reimbursement in the sum of $231.47 for travel and expenses associated with that partial audit. ¶ Order modified, by deleting the third, eighth, ninth and tenth decretal paragraphs and substituting therefore, the following: ¶ "ORDERED, that plaintiff's application for discovery and inspection by her attorneys of copies of all telephone bills (New York Telephone and Western Counties Telephone bills) for Raymond-Hadley Corporation, New Spencer Warehouse Corporation, Candor Specialty Packaging, Inc., and Mara Associates for the years 1981, 1982 and 1983 is hereby granted; ¶ "ORDERED, that plaintiff's within application for an interim award of attorney's fees, *pendente lite,* is granted to the extent of awarding plaintiff $5,000 in counsel fees, with leave to plaintiff to apply to the trial court for additional fees, if warranted; and it is further ¶ "ORDERED, that plaintiff's within application for an interim award for expert accounting fees in the sum of $2,500, *pendente lite,* is granted, with leave to plaintiff to apply to the trial court for additional fees, if warranted; and it is further ¶ "ORDERED, the plaintiff's within application for an interim award for expert real estate appraisal services in the sum of $950, *pendente lite,* is granted, with leave to plaintiff to apply to the trial court for additional fees, if warranted". ¶ As so modified, order affirmed insofar as appealed from, with costs to the plaintiff. ¶ In view of the uncontested averments that plaintiff was unable to afford additional discovery and defendant was in a financial position to afford the expenses, it was error for Special Term to refuse plaintiff any *pendente lite* award for the services of experts in evaluating the holdings of the parties (see *Ahern v Ahern,* 94 AD2d 53; *Satz v Satz,* 94 AD2d 740). A review of the instant record leads us to the conclusion that in light of the complicated nature of defendant's business assets and plaintiff's inability to pay, Special Term should have granted *pendente lite* relief in the amount of $5,000 for counsel fees, $2,500 for accountant's fees and $950 for real estate appraisal services, with leave to plaintiff to apply to the trial court for additional fees, if necessary. ¶ Moreover, Special Term should have allowed plaintiff disclosure of the telephone bills of defendant's business enterprises. Plaintiff maintained at Special Term that these enterprises were paying defendant's telephone bills, increasing his income accordingly. In light of the broad discovery concerning the parties' finances allowable in postequitable distribution matrimonial matters (see *Kaye v Kaye,* 102 AD2d 682; *Fox v Fox,* 96 AD2d 571), there is no reason to exclude the requested material from disclosure. We modify Special Term's order accordingly. ¶ On the other hand, we agreed with Special Term that plaintiff's application for reimbursement of funds already expended on discovery should have been denied without prejudice to renew before the trial court (see *Walker v Walker,* 18 AD2d 684). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.