■ SYLVIA GANIN, Respondent-Appellant, v JACK GANIN, Appellant-Respondent.—In an action for divorce and related relief, defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Vitale, J.), entered February 23, 1984, as granted those branches of plaintiff wife's motion as sought expert's fees pendente lite in the sum of $15,000, and which denied his cross motion to strike interrogatories served by plaintiff wife which he alleged to be unduly burdensome and oppressive. Plaintiff wife cross-appeals from so much of the same order as limited the pendente lite relief to $15,000 for experts fees and $5,000 as an interim counsel fee.

Order modified, on the law, by deleting the provision thereof which granted those branches of plaintiff wife's motion as sought expert's fees pendente lite, and substituting therefor a provision denying those branches of plaintiff wife's motion. As so modified, order affirmed, insofar as appealed from, with costs to plaintiff wife, and matter remitted to Special Term. Plaintiff, if she be so advised, may renew her application for expert's fees pendete lite in accordance with the guidelines herein.

The general rule in matrimonial actions is that both spouses are entitled to a searching exploration of each other's assets, both to determine value and to uncover hidden assets of marital property (see, Maratea v Maratea, 103 AD2d 799; Kaye v Kaye, 102 AD2d 682). The court may direct one spouse to pay to the other sufficient funds as are necessary to carry out the investigation. In Ahern v Ahern (94 AD2d 53, 58), this court delineated four factors which must be evaluated before a pendente lite award of expert's fees may be authorized. They are: (1) the nature of the marital property involved; (2) the difficulties involved, if any, in identifying and evaluating same; (3) the services to be rendered and an estimate of the time involved; and (4) the movant's financial status.

Sufficient information appears in the record as to the first, second, and fourth factors enumerated in the Ahern case. Contrasted with the defendant's unusually affluent financial status and his substantial assets, both personal and business-related, plaintiff's available resources with which to hire expert investigators and appraisers are minimal. In view of the complex, interrelated closely held corporations in which defendant has an interest, it is reasonable to anticipate that it

will be difficult to identify and evaluate that marital property. We find, however, that the moving papers submitted by plaintiff wife did not sufficiently detail the information that is required pursuant to the third factor of the *Ahern* analysis. The affidavit submitted by plaintiff's attorney indicated merely that various experts must be hired, and that their fees will undoubtedly be expensive. It does not appear as though the services of any experts have yet been retained. Before a pendente lite award is authorized for such experts, the court must be provided with sufficient information concerning the experts to be utilized, the anticipated work involved, and an estimate of the approximate cost of the services to be rendered. As none of this information was provided to Special Term, there was no basis upon which to determine the amount of fees to be awarded. We therefore vacate the $15,-000 pendente lite award. However, we do so without prejudice to plaintiff to renew her application to Special Term upon submission of proper papers detailing the work to be performed and anticipated fees of each hired expert. In view of our determination, we need not address plaintiff's arguments for an increase in the amount of the pendente lite award for expert services.

We affirm the remaining portions of the order of Special Term which have been appealed from. The subject interrogatories served by plaintiff, while all-embracing, are relevant to the evaluation of defendant's business-related assets. In light of the policy permitting broad discovery of the parties' finances in post-equitable distribution matters, coupled with the complex corporate structures in which defendant holds an interest, the interrogatories should not be stricken *(see, Maratea v Maratea,* 103 AD2d 799, *supra; Kaye v Kaye,* 102 AD2d 682, *supra).*

Finally, we do not find merit in plaintiff's suggestion that she should have been awarded a larger pendente lite award for counsel fees. The $5,000 was only an interim award, and plaintiff may apply to the trial court for additional counsel fees, if necessary *(see, Maratea v Maratea, supra;* Domestic Relations Law § 237).

Accordingly, the order is modified to the extent indicated, and in all other respects, the order is affirmed, insofar as appealed from. Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.

■ PETER GRANDE, as Administrator of the Estate of PETER GRANDE, Also Known as PETRUS GRANDE, Deceased, Respon-