■ LISA GASTINEAU, Appellant-Respondent, v MARCUS GASTINEAU, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated June 2, 1986, as awarded her, pendente lite, only the sum of $350 per week as maintenance and $250 per week as child support, denied that branch of her motion which was for an order of protection, and referred her request for real property appraisal fees to the trial court for determination, and the defendant husband cross-appeals from so much of the order as awarded the plaintiff temporary exclusive possession of the marital residence.

Ordered that the order is modified, by increasing the award of maintenance pendente lite from $350 per week to $500 per week, by increasing the award of child support pendente lite from $250 per week to $300 per week, and by adding a provision granting the plaintiff leave to renew her application for real estate appraisal fees, if she be so advised, upon a sufficient detailed showing of the work required to be performed and the anticipated fees of each expert to be retained; as so modified, the order is affirmed insofar as appealed and cross-appealed from with costs to the plaintiff wife.

Under the circumstances of this case, and in spite of the fact that the defendant has also been directed to pay the carrying charges on the marital residence, keep in effect all existing insurance coverage for the benefit of the plaintiff and

their child, and pay their reasonable medical, dental and pharmaceutical expenses, we find that the temporary maintenance and child support awards were inadequate. To the extent that the plaintiff may consider the modified amount of temporary maintenance and child support to be insufficient to meet her needs, her remedy is to seek an expeditious trial *(see, Isham v Isham,* 123 AD2d 742). In this respect, we note that as of the date of argument of this appeal, more than eight months had passed since commencement of the plaintiff's action and she had yet to serve a complaint, much less seek discovery and proceed to trial.

Special Term did not abuse its discretion in referring the plaintiff's request for interim real estate appraisal fees to the trial court for determination in view of the limited information provided by the plaintiff in making her application therefor. Under the circumstances of this case, however, in which it appears that such appraisals may be necessary and the plaintiff may not have sufficient funds to obtain them, the plaintiff may, if she be so advised, renew her application for such appraisal fees upon a sufficient detailed showing of the work required to be performed and the anticipated fees of each expert to be retained *(see, Ganin v Ganin,* 114 AD2d 883).

Finally, we note that Special Term properly granted exclusive occupancy of the marital residence to the plaintiff since the parties specifically so stipulated. Further, Special Term properly refused to grant the plaintiff a temporary order of protection. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.