■ BARBARA COPPOLA, Respondent, v EMILIO COPPOLA, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 12, 1986, as directed him to produce certain documents and records at his deposition, (2), from an order of the same court, entered August 13, 1986, which granted the plaintiff's motion for certain pendente lite

relief and denied his cross motion for an immediate trial of the plaintiff's divorce cause of action, and (3), as limited by his brief, from so much of an order of the same court, entered October 30, 1986, as granted the plaintiff's motion for leave to enter a money judgment for arrears and for counsel fees in connection with enforcement of the court's order entered August 13, 1986.

Ordered that the appeal from the order entered August 12, 1986 is dismissed as academic; and it is further,

Ordered that the order entered August 13, 1986 is modified, on the law, by deleting the provision thereof which granted those branches of plaintiff's motion which were for experts' fees pendente lite, and substituting therefor a provision denying, with leave to renew upon submission of proper papers detailing the work to be performed and the anticipated fees of each of the experts she intends to retain, those branches of the plaintiff's motion; as so modified, the order entered August 13, 1986 is affirmed; and it is further,

Ordered that the order entered October 30, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant concedes that the requests for certain documents have been complied with. Thus, the rights of the parties would not be affected by determining the appeal from the order entered August 12, 1986 (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707).

The defendant argues that the plaintiff's motion for pendente lite relief should have been denied in view of the fact that her prior application in 1984 for similar relief had been denied, and that prior decision constituted law of the case. This argument, however, is devoid of merit. The court's primary concern with respect to motions for pendente lite relief is the respective financial conditions of the parties and the movant's needs for support pending the trial (see, Chachkes v Chachkes, 107 AD2d 786). The present application was made two years subsequent to the previous application, and during the interim the plaintiff had experienced a genuine change in her circumstances (cf., Watras v Watras, 43 AD2d 520). In particular, at the time of the prior application the plaintiff had access to a fund of approximately $50,000, which she could draw against to pay for her expenses, and she also possessed a cooperative apartment in which she resided. At the time of the instant application, neither that fund nor the cooperative apartment were available for her use. Accord-

ingly, under these circumstances, pendente lite relief was properly awarded to the plaintiff.

However, the provision of the order which granted the plaintiff a pendente lite award for experts' fees must be vacated. In support of the application for fees for accountants and real estate appraisers, the plaintiff submitted only a conclusory letter from an accountant. This letter failed to provide information concerning the anticipated work involved, an estimate of the number of hours necessary to complete the work, or any details of the difficulties involved in evaluating the martial property. Similarly, the plaintiff failed to provide any information with respect to the real estate appraiser's fee. Thus, there was no basis upon which to determine the amount of the experts' fees to be awarded (see, Ganin v Ganin, 114 AD2d 883; Ahern v Ahern, 94 AD2d 53).

Although we vacate the pendente lite award of $5,000 for experts' fees, we do so without prejudice to plaintiff to renew her application upon submission of proper papers detailing the work to be performed and anticipated fees of each of the experts she intends to retain.

The defendant next argues that the plaintiff's request for counsel fees contained in the motion to enforce the August 13, 1986 order is defective because she failed to attach a current net worth statement pursuant to 22 NYCRR former 699.11. This argument is without merit. Although 22 NYCRR former 699.11 required that a net worth statement must be submitted on a motion for counsel fees, that rule had been repealed prior to the date of the plaintiff's motion, and a somewhat similar provision contained at 22 NYCRR 202.16 was in effect. The applicable rule, however, now provides a specific exception for motions for counsel fees brought pursuant to Domestic Relations Law § 237. As the present application falls within that exception, it was not necessary for the plaintiff to attach a net worth statement to her moving papers, and Special Term did not abuse its discretion in awarding the plaintiff counsel fees of $350. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.