■ OLIVA PETERSON, Respondent, v ELDRICK B. PETERSON, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Corrado, J.), dated September 17, 1986, as (1) awarded the *plaintiff* wife a divorce upon the ground of his cruel and inhuman treatment of her, (2) awarded the plaintiff exclusive possession of and title to the marital residence, and (3) directed him to pay $1,000 toward the plaintiff's attorney's fees.

Ordered that the judgment is modified by directing a hearing to determine what proportion, if any, of the appreciation in value of the marital residence is subject to equitable distribution. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The court properly granted the wife a divorce on the ground of the husband's cruel and inhuman treatment, particularly in view of the evidence that the wife's disabling physical condition was aggravated by stress and that the parties were unable to share the same household without the intervention of the police and the court (see, Brady v Brady, 64 NY2d 339). The court's finding was based on its assessment of the credibility of the witnesses and should not be disturbed (see, D'Amato v D'Amato, 96 AD2d 849). In addition, the court properly directed the husband to pay a portion of the wife's attorney's fees, even though the wife had some savings available to her (see, Anonymous v Anonymous, 57 AD2d 938, appeal and cross appeal dismissed 42 NY2d 974). The wife, at age 60, was unemployed due to her physical disability while the husband earned approximately $33,000 per year.

The court properly awarded the wife title to and exclusive possession of the marital residence since she owned the property prior to the marriage and did not transfer any interest in the property to her husband. Nevertheless, the matter should be remitted for a hearing to determine whether any part of the appreciation in the value of the property during the parties' 11-year marriage was due to the husband's efforts or contributions and therefore subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [d] [3]; Price v Price, 69 NY2d 8; Alwell v Alwell, 98 AD2d 549).

The wife acknowledged that the husband paid taxes and utilities on the property during the marriage and made some repairs. The Equitable Distribution Law is based on the premise that a marriage is an economic partnership (Price v Price, supra, at 14), and the court erred in failing to give appropriate consideration to the husband's direct and indirect contributions to the maintenance of the marital residence. Although the husband was remiss in belatedly seeking an adjournment to obtain an appraisal of the property, in the interest of justice he should be provided an opportunity to present evidence that the property appreciated in value during the marriage and that this appreciation was due in part to his contributions or efforts. If the court determines after hearing

the evidence that the appreciation in value of the marital residence during the marriage is subject to equitable distribution, the award to the husband should be based on the proportion that his contributions bear to the increased value of the property during the marriage *(Price v Price, supra)*. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.