■ NOREEN GOODSON, Appellant, v HARVEY GOODSON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Robbins, J.), dated November 13, 1986, which, *inter alia,* (1) granted that branch of her motion which was for pendente lite maintenance and child support only to the extent of awarding the sum of $150 per week for her support and maintenance and the sum of $100 per week for the support of the two infant issue of the marriage; (2) denied that branch of her motion which was for temporary exclusive possession of the marital residence; and (3) reserved decision until the time of trial on that branch of her motion which was for an interim award of counsel and accountant's fees.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Upon the record before us, consisting of sharply conflicting affidavits, we perceive no reason to substitute our discretion for that of the trial court with respect to the award of temporary maintenance and child support. In view of the fact that the defendant husband has been directed to pay the carrying charges on the marital residence, including gardening and domestic help, to maintain accounts to cover the food needs of the plaintiff and the parties' children, to keep in effect all existing insurance coverage for the benefit of the plaintiff and the infant issue and to maintain the registration and insurance and to pay for all repairs on a BMW automobile given to the plaintiff for her use, we find that the pendente lite support awarded was proper to meet the plaintiff's reasonable needs for support pending trial *(see, e.g., Coppola v Coppola,* 129 AD2d 760, 761; *Chachkes v Chachkes,* 107 AD2d 786, 787). To the extent that the plaintiff considers the pendente lite award for support to be insufficient, her remedy is to seek an expeditious trial *(see, e.g., Lee v Lee,* 131 AD2d 820; *Schlosberg v Schlosberg,* 130 AD2d 735).

In matrimonial actions, both parties are entitled to a

searching exploration of each other's assets and, in order to facilitate such an investigation, the court may direct one spouse to pay the fees necessary for expert services *(see, Ganin v Ganin,* 114 AD2d 883; *Ahern v Ahern,* 94 AD2d 53). However, at bar, the court simply deferred ruling on that branch of the plaintiff's motion which was for an award of accountant's and counsel fees, pendente lite, until after the trial on the cause of action for a divorce. We do not believe the trial court abused its discretion in so doing. We further note that the plaintiff's request for counsel fees was supported by only limited information provided by the plaintiff in making her application therefor and also that a $15,000 retainer had already been paid to the plaintiff's counsel. The question of whether the plaintiff or the defendant provided the funds used by the plaintiff for the payment of that retainer will not be considered by this court on the instant appeal, and is best reserved for the trial court.

Finally, we note that the court properly refused to issue a directive granting the plaintiff exclusive occupancy of the marital residence since the plaintiff failed to adequately demonstrate that such a directive was necessary to protect her or her children's safety or the safety of her property *(see, e.g., Purdy v Purdy,* 117 AD2d 659, 660; *Hite v Hite,* 89 AD2d 577; *cf., King v King,* 109 AD2d 779). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.