■ ELIZABETH J. WILKINSON, Respondent, v WILLIAM E. WILKINSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Coutant, J.), granting plaintiff a divorce and ordering, *inter alia,* equitable distribution of the parties' marital property, entered January 19, 1988 in Tioga County, upon a decision of the court, without a jury.

The parties were married on July 4, 1964 and have two children, a son born July 9, 1968 and a daughter born June 10, 1975. Plaintiff commenced this action for a divorce on the ground of cruel and inhuman treatment which defendant opposed. Following a trial, Supreme Court granted plaintiff the divorce and awarded her, *inter alia,* $225 per week as maintenance until June 30, 1993 and $150 thereafter, $150 per week child support ($100 for the daughter and $50 for the son) until each child reaches age 21, and 50% of the marital portion of defendant's vested pension. This appeal followed.

Defendant argues that the evidence was insufficient to establish cruel and inhuman treatment. A divorce may be granted for this reason where the plaintiff shows a pattern of conduct by the defendant which is harmful to the physical or mental health of the plaintiff so that it is unsafe or improper for the parties to continue to live together (Domestic Relations Law § 170 [1]; *Brady v Brady,* 64 NY2d 339, 343). In a long-standing marriage, there must be a high degree of proof which must show more than irreconcilable or irremediable differences or a dead marriage *(see, e.g., Brady v Brady, supra).* Here, plaintiff testified to several incidents of physical assaults by defendant on her and on the children in her presence, which also caused emotional distress. This testimony was elaborated upon by two of plaintiff's sisters. Indeed, defendant admitted striking the parties' son on two occasions, although defendant claimed the incidents were essentially in self-defense. This proof clearly supports Supreme Court's conclusion that plaintiff suffered physical and mental distress which made it unsafe for plaintiff to live with defendant. That plaintiff's testimony apparently contradicted an affidavit submitted earlier merely created a credibility question which was properly resolved within the court's discretion *(see, e.g., Peterson v Peterson,* 133 AD2d 448, 449).

We reject defendant's contention that Supreme Court committed reversible error by permitting a social worker to testify as to a diagnosis of the emotional state of the parties' daughter. Even if this testimony was improperly received and considered by the court, there was more than sufficient other testimony, particularly as enumerated above, to satisfy plain-

tiff's burden of establishing cruel and inhuman treatment. Under these circumstances in this nonjury trial, we hold that there was no reversible error. Likewise, even if there is any merit to defendant's claim that the court somehow abrogated its function as fact finder by relying on the social worker's opinion about the veracity of the daughter's accounts of her problems with defendant, the fact remains that there is more than enough other evidence which supports plaintiff's allegations of cruel and inhuman treatment so that any error was inconsequential.

Defendant next challenges the maintenance and child support awards as excessive. Considering defendant's stable employment for over 30 years as a conductor for Conrail, defendant's salary of $56,000 subject to annual increases, plaintiff's income of $6,400 with a maximum potential of some $15,000 and the other statutory factors necessarily addressed by Supreme Court (see, Domestic Relations Law § 236 [B] [6] [a], [b]), we find no reason to disturb the maintenance award (see, e.g., Di Bella v Di Bella, 140 AD2d 292, 293; Formato v Formato, 134 AD2d 564). Likewise, the child support award is reasonable under the circumstances as found by the court and supported in the record (see, Domestic Relations Law § 236 [B] [7]; Shink v Shink, 140 AD2d 506, 509).

Finally, we find no merit to defendant's claim that plaintiff failed to satisfy her burden of establishing the present value of defendant's retirement benefits so that Supreme Court's award of a share of the benefits was erroneous. Plaintiff elicited testimony about the value of defendant's retirement benefits as of 1986 when this action was commenced from the employee of the Railroad Retirement Board who was responsible for calculating these benefits. This testimony makes clear that the calculations were estimates of defendant's benefits only in the sense that they were subject to increase upon further service and increased salary. Since the court's award affected only the marital portion of the benefits as computed in 1986, we perceive no error.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.