Joyce P. Dzembo, Respondent, v Alexander J. Dzembo, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 29, 1989 in Rensselaer County, which granted plaintiff's motion for an order directing defendant to pay interim expert fees for the appraisal of real property.

Plaintiff and defendant were married in 1974 and have one child, a daughter, born in January 1980. Deterioration of the marital relationship caused the parties to separate and plaintiff to commence this divorce action in August 1986. The record shows that plaintiff is employed as a counsellor for the Association of Retarded Children and earns approximately $736 a month. Since 1968, defendant has owned and operated Dzembo's Dairy in the Town of Colonie, Albany County, and the property upon which it stands. This property also contains two other income-producing units. Because this property was acquired prior to the marriage, defendant maintains that it is separate property not subject to equitable distribution *(see,*

Domestic Relations Law § 236 [B] [1] [d] [1]). Plaintiff claims, however, that the property has appreciated in value since the date of the marriage due in part to her direct and indirect contributions and, therefore, the appreciation should be considered marital property (see, Domestic Relations Law § 236 [B] [1] [d] [3]). Because the disputed property is allegedly difficult to appraise and plaintiff's funds are reportedly limited, plaintiff brought a motion before Supreme Court for an order directing defendant to pay interim expert fees in the amount of $2,500 for the necessary appraisal services. Supreme Court granted this motion and defendant appeals.

We affirm. In matrimonial actions, both parties are generally entitled to a detailed exploration of each other's assets, both to determine value and to uncover hidden assets of marital property (Ganin v Ganin, 114 AD2d 883). In order to facilitate this investigation, a court may direct one spouse to pay for the fees necessary for expert services (see, Goodson v Goodson, 135 AD2d 604, 605; Ahern v Ahern, 94 AD2d 53, 57). Such awards should not be granted routinely and should be based upon sound judicial discretion after weighing factors such as "(1) the nature of the marital property involved; (2) the difficulties involved, if any, in identifying and evaluating same; (3) the services to be rendered and an estimate of the time involved; and (4) the movant's financial status" (Ahern v Ahern, supra, at 58).

Our review of the record convinces us that Supreme Court did not abuse its discretion in granting the award to plaintiff. In her moving papers, plaintiff sufficiently set forth the nature of the disputed property, the difficulties involved in appraisal as a result of the property's commercial nature, and the need to determine what portion of the appreciation is due to active management and what portion is due to market forces. An affidavit from the expert consulted by plaintiff, along with his qualifications, the services to be rendered and his proposed fee, are also attached. Plaintiff's financial status as reflected by her statement of net worth shows her resources to be limited.

Despite defendant's contentions otherwise, plaintiff has sufficiently alleged that any appreciation of the property is due in part to her contributions or efforts (see, Price v Price, 69 NY2d 8, 11) so as to require an appraisal (see, Peterson v Peterson, 133 AD2d 448, 449; Billington v Billington, 111 AD2d 203, 204). Defendant also objects to the award contending that Supreme Court overlooked his allegedly dire financial circumstances. However, as noted by the court and evidenced by the

record, defendant for some time has been less than forthcoming about his precise financial condition to the point that it appears to be intentional. Of the three statements of net worth submitted by defendant, two are unsworn (one without any date listed), and the third, although properly sworn to, has attached a list of debtors which is not sworn to. None of these statements is particularly informative. They contain greatly fluctuating lists of assets and debts with no explanation. A general review of the statements convinces us that defendant is, at the very least, in a better position than plaintiff to absorb the cost of the appraisal.

Defendant's remaining objections have been examined and have been found to be unpersuasive.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.