■ STELLA C. WONG, Appellant-Respondent, v RAYBIN Q. WONG, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 9, 1989, as (1) granted that branch of her motion which was for monthly temporary maintenance in the amount of $9,500 only to the extent of awarding her monthly temporary maintenance in the amount of $1,000; and (2) in effect, denied those branches of her motion which were for pendente lite counsel and appraiser's fees, and the appointment of a temporary receiver to manage the parties' marital property, by referring these latter branches of her motion to the trial court, and the defendant husband cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the plaintiff's motion which was for temporary maintenance, restrained him from transferring marital property, and referred to the trial court those branches of the wife's motion which were for appraiser's fees and counsel fees and sequestration and/or the appointment of a receiver with respect to the parties' marital property.

Ordered that so much of the defendant husband's cross appeal from that part of the order as referred certain branches of the wife's motion to the trial court is dismissed, as the husband is not aggrieved by the Supreme Court's reference of those matters to the trial court (see, CPLR 5511); and it is further,

Ordered that the order is modified (1) by increasing the award of temporary monthly maintenance to $3,400; and (2) by adding thereto a provision granting those branches of the wife's motions which were for pendente lite counsel and appraiser's fees to the extent that the defendant is directed to pay the plaintiff the sum of $10,000 for counsel fees and $5,000 for appraiser's fees, with leave to the plaintiff to apply to the trial court for additional fees, if warranted; as so modified, the order is affirmed insofar as reviewed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for the appointment of a temporary receiver with respect to the management of the parties' jointly-owned buildings located at 51 Division Street and 64 East Broadway and to distribute the plaintiff's share of the net income therefrom, if any, to her.

The record demonstrates that the plaintiff wife has limited available income and that the defendant husband is exercising sole control over the bulk of the couple's marital assets. In light of this situation and the extent of the parties' assets which will undoubtedly entail extensive and protracted discovery, we conclude that the Supreme Court improvidently exercised its discretion by limiting the wife to a temporary monthly award of $1,000 for maintenance and denying, in effect, her requests for counsel and appraiser's fees pendente lite (see, Maratea v Maratea, 103 AD2d 799; see also, Domestic Relations Law § 236 [B] [6] [a]; § 237), and we have modified the order accordingly.

Additionally, in view of the husband's admitted past transfers and conversions of marital assets into other property in his own name, we find it appropriate and necessary that a temporary receiver be appointed to protect the wife's income in the two income-producing buildings jointly owned by the couple and to distribute the wife's share of the net income therefrom, if any, to her (see, CPLR 6401 [a]; Nelson v Nelson, 99 AD2d 917; Gimbel v Reibman, 78 AD2d 897).

The Supreme Court did not improvidently exercise its discretion by restraining the husband from transferring or encumbering, except in the ordinary course of business, any

property which might be marital property. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.