◼ PRISCILLA K. MULCAHY, Respondent, v JAMES D. MUL-CAHY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Colby, J.), entered October 19, 1989, which, *inter alia,* granted those branches of the plaintiff wife's motion which were (1) for temporary maintenance of $225 per week, (2) for interim counsel fees of $5,000, (3) for interim accountant's fees of $3,500, and (4) to compel the appellant to keep in full force and effect and/or obtain life, health, dental and medical insurance for the benefit of the wife and pay the optical, therapeutic and pharmaceutical expenses and the unreimbursed medical expenses of the wife.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) reducing the award for temporary maintenance to $125 per week, (2) deleting the provisions thereof which granted those branches of the wife's motion which were for interim counsel and accountant's fees and substituting therefor a provision referring those branches of the wife's motion to the trial court, and (3) deleting the provisions thereof which directed the husband to maintain and/or obtain health, dental and medical insurance for the benefit of the wife and pay the wife's optical, therapeutic and pharmaceutical expenses and her unreimbursed medical expenses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As a general rule the best remedy for any perceived inequities in a pendente lite award is a speedy trial where the disputed issues as to the financial capacity and circumstances of the parties can be fully explored *(see, e.g., Marohn v Marohn,* 157 AD2d 771; *Frankel v Frankel,* 150 AD2d 520; *Goodson v Goodson,* 135 AD2d 604).* However, this rule is not ironclad and in an appropriate case this court may substitute its discretion for that of the trial court *(see, e.g., McCarthy v McCarthy,* 156 AD2d 346; *Bernstein v Bernstein,* 143 AD2d 168; *Purpura v Purpura,* 123 AD2d 678).* A review of the facts and circumstances of this case indicate that this is an appropriate case for us to exercise the power to substitute our own discretion for that of the Supreme Court.

Upon a motion for pendente lite relief, the court's primary concern is the respective financial conditions of the parties and the movant's needs for support during the pendency of

the divorce proceedings *(see, e.g., McCarthy v McCarthy, supra; Coppola v Coppola,* 129 AD2d 760; *Chachkes v Chachkes,* 107 AD2d 786). Here, in view of the sharply conflicting affidavits, it is difficult to determine the actual earnings and liabilities of the husband, the standard of living previously enjoyed by the parties and the wife's reasonable needs for support pending the trial. However, to the extent that the parties' affidavits shed probative light on the parties' circumstances, we find that the award of temporary maintenance made by the Supreme Court is excessive and the amount of $125 per week is more appropriate. This was a childless marriage and the financial circumstances of the parties, both of whom are gainfully employed, appear to be about equal. Contrary to the wife's contention, the present record does not establish that the husband's income is in excess of that alleged by him. Temporary maintenance of $125 per week should be sufficient to meet the husband's equitable share of what were formerly joint expenses with respect to the marital residence while not depriving him of the financial wherewithal to meet his own living expenses and obligations. Our determination is, of course, not intended to influence or affect the trial court's ultimate determination of the rights of the parties.

The provisions of the order which granted the wife interim counsel and accountant's fees must be deleted. In support of her application for accountant's fees, the wife submitted an affidavit from an accountant which stated in general terms the estimated fee for evaluating the husband's interest in a business enterprise. The affidavit failed to detail the nature of the work involved, the estimated time required to complete each service, or any difficulties involved in evaluating the marital property. Nor did the wife's counsel provide adequate documentation regarding the services rendered so as to fully substantiate the wife's application for interim counsel fees. The wife's counsel did not submit his time records or otherwise provide a breakdown of the services and the time expended relative to each service. Moreover, neither the wife nor her counsel established the nature of their relationship or whether a retainer agreement existed. Under all of the circumstances and in view of the equivocal nature of the proof as to the wife's financial inability to pay her own interim counsel and expert's fees, there was no basis upon which to determine the amount of the fees to be awarded or whether any award was proper *(see,* Domestic Relations Law § 237; *Cronin v Cronin,* 158 AD2d 447; *Goodson v Goodson, supra; Coppola v Coppola, supra).* Therefore, the matter is referred to the trial

court for the purposes of determining the value of the services rendered or to be rendered and the parties' respective financial ability to meet those expenses *(see, Cronin v Cronin, supra; Goodson v Goodson, supra; cf., Gastineau v Gastineau,* 127 AD2d 629).

Lastly, we find that the branch of the wife's motion which sought a direction that the husband provide her with medical and dental benefits should have been denied. The record indicates that the wife has employment-related insurance coverage. There is no evidence that the wife has a medical condition which would cause her to accrue substantial unreimbursed medical expenses. Thus, in light of the parties' respective needs and means, that branch of the wife's motion should have been denied to the extent indicated *(see, Ranieri v Ranieri,* 146 AD2d 34, 47; *cf., Zerilli v Zerilli,* 110 AD2d 634; *Erdheim v Erdheim,* 101 AD2d 803). However, the court properly directed the husband to maintain and/or obtain a life insurance policy for the wife's benefit *(see, Schussler v Schussler,* 109 AD2d 875, 877; *see also, Wilbur v Wilbur,* 130 AD2d 853). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.