■ PROMILA ROACH, Respondent, v LAWRENCE C. ROACH, Appellant. [597 NYS2d 468] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered February 14, 1991, as granted those branches of the motion of the plaintiff wife which were for temporary child support in the amount of $2,000 per month, interim counsel fees in the amount of $3,000, and interim experts' fees in the amount of $7,500.

Ordered that the order is modified by deleting the provision granting that branch of the plaintiff's motion which was for interim experts' fees, and substituting therefor a provision denying that branch of the motion with leave to renew upon proper papers; and, as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff wife.

Keeping in mind that the purpose of an award of pendente lite relief in a matrimonial action is to "tide over the more needy party, not to determine the correct ultimate distribution" *(Yecies v Yecies,* 108 AD2d 813, 814; *see also, Isham v Isham,* 123 AD2d 742), it cannot be said that the court's award was an improvident exercise of discretion. The record herein reveals that the court gave careful consideration to the plaintiff's and the child's needs, as well as to the parties' respective financial circumstances *(see, Askinas v Askinas,* 155

AD2d 498, 499). Having failed to submit a statement of net worth or to otherwise more fully disclose information critical to the assessment of his net worth, the defendant may not now be heard to complain that the court erred in drawing adverse inferences against him with respect to his financial condition *(see, Richter v Richter,* 131 AD2d 453, 455; *see also,* 22 NYCRR 202.16 [g] [4]). At this point, any perceived inequities in the pendente lite award may be best remedied by a speedy trial where the financial circumstances of the parties can be fully explored *(see, Samuelsen v Samuelsen,* 124 AD2d 650, 651; *see also, Marohn v Marohn,* 157 AD2d 771, 772).

In view of the facts and circumstances of this case, including the financial situation of the parties and the nature and complexity of the legal issues involved, the award of interim counsel fees will remain undisturbed *(see, Cole v Cole,* 182 AD2d 738; *Kristiansen v Kristiansen,* 144 AD2d 441; *Ahern v Ahern,* 94 AD2d 53). However, that portion of the order which granted the plaintiff interim experts' fees must be vacated as the plaintiff failed to provide any information with respect to those fees *(see, Ahern v Ahern, supra).* Thus, there was no basis upon which to determine the amount of the experts' fees to be awarded *(see, Fischler v Fischler,* 184 AD2d 680; *Coppola v Coppola,* 129 AD2d 760). The plaintiff may, if she be so advised, renew her application upon submission of proper papers detailing the work to be performed and anticipated fees of each of the experts she intends to retain. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.