■ KAREN HERZOG, Respondent, v PROGRESSIVE EQUITY FUNDING CORPORATION, Appellant. [606 NYS2d 101] —White, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 15, 1993 in Tompkins County, which granted plaintiff's motion for penalties for refusal to comply with a notice to disclose.

In the course of the pretrial proceedings in this action to recover commissions, plaintiff noticed a pretrial deposition of defendant for January 5, 1989. Defendant adjourned the deposition twice. As a result, plaintiff obtained an order directing that the deposition take place on April 28, 1989. On the eve of the deposition defendant served plaintiff with a motion for summary judgment, thereby staying disclosure (see, CPLR 3214). Upon its denial of defendant's motion, Supreme Court directed defendant to appear at a pretrial deposition to be held on February 13, 1990. Defendant did appear, but failed to produce the documents plaintiff had requested in her notice. The parties then agreed that the information plaintiff sought could be obtained by means of a notice to admit. In accordance with the parties' agreement, plaintiff served a notice to admit upon defendant. In its response, defendant did not admit any of the proposed facts.

So, on November 11, 1992, plaintiff served a demand for discovery and inspection upon defendant requiring it to produce 108 mortgage closing files. Due to defendant's failure to comply with this demand, plaintiff moved for an order pursuant to CPLR 3126 imposing sanctions. Prior to the return date

of the motion, defendant produced 32 files for plaintiff's inspection. In light of defendant's failure to comply fully with plaintiff's demand, Supreme Court issued a resolving order pursuant to CPLR 3126 (1) and a preclusion order under CPLR 3126 (2). Defendant appeals.

CPLR 3126 provides that when a party willfully fails to disclose information pursuant to a notice, "the court may make such orders * * * as are just". Inasmuch as defendant's willfulness can be inferred from its persistent course of conduct evincing an intent to frustrate plaintiff's pursuit of discovery, we find that Supreme Court did not abuse its discretion in imposing the sanctions it did (see, Wolford v Cerrone, 184 AD2d 833; Henderson v Stilwell, 116 AD2d 861, lv denied 68 NY2d 606). We do agree with defendant, however, that Supreme Court's order is too broad as it includes those files which it did produce. Therefore, we will modify the order by limiting its scope to the 76 files that defendant did not make available for inspection.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by limiting its application to the 76 mortgage closing files that defendant did not produce in response to plaintiff's demand dated November 11, 1992, and, as so modified, affirmed.