■ EILEEN MOCKLER, Respondent, v KEVIN MOCKLER, Appellant. [612 NYS2d 662] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of an order of the Supreme Court, Nassau County (Saladino, J.), dated June 16, 1992, which, *inter alia,* directed him to pay, pendente lite, all carrying costs and utilities on the marital residence, all dental, medical, and prescription drug expenses of the wife and infant children unreimbursed by insurance, $20 per week maintenance, $50 per week in child support, a $750 counsel fee, a $500 expert's fee, and awarded the plaintiff wife temporary exclusive possession of the marital residence and temporary custody of the parties' two children.

Ordered that the order is modified, by deleting the provisions thereof directing the defendant husband to pay child support and maintenance, carrying costs and utilities on the marital home, medical, dental, and prescription drug expenses of the wife and the infant children unreimbursed by insurance, and counsel and expert's fees; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for a de novo determination of those branches of the plaintiff wife's motion which was for pendente lite monetary relief in accordance herewith; and it is further,

Ordered that pending the new determination, the defendant shall continue to make maintenance and child support payments to the plaintiff wife of $70 per week.

Upon making her application for pendente lite relief, the plaintiff wife filed a net worth statement which disclosed that

she was employed, but which left the income portion of the statement completely blank. In his opposition papers, the defendant husband objected to this omission, arguing that the wife's application was incomplete for this reason *(see,* 22 NYCRR 202.16 [k] [5]). Although in her reply papers, the wife failed to address the omission, the court nevertheless made various pendente lite awards in the absence of the wife's income information.

We agree with the husband that under the circumstances, the wife's failure to disclose her income precluded the court from making a meaningful assessment, as it must, of the parties' respective financial circumstances *(see,* Domestic Relations Law § 236 [B] [6] [a] [1]; *Raniolo v Raniolo,* 185 AD2d 974, 975; *Clemente v Clemente,* 186 AD2d 620; *Onorato v Onorato,* 131 AD2d 650; *see also, Roach v Roach,* 193 AD2d 660; *Matter of Masten v Masten,* 150 AD2d 693, 694; *Richter v Richter,* 131 AD2d 453). In light of the foregoing, those provisions of the court's order which awarded the wife monetary relief and fees must be vacated, and the matter remitted for a de novo determination on a complete record *(see,* 22 NYCRR 202.16 [k] [5] [ii]). Further, we note that the award of expert's fees was also erroneous upon the additional ground that the wife failed to submit the requisite documentation to support the granting of such a fee *(see,* Domestic Relations Law § 237 [d]; *Roach v Roach, supra; Fischler v Fischler,* 184 AD2d 680, 681).

The husband's remaining contentions are lacking in merit *(see, Matter of Cassano v Cassano,* 203 AD2d 563; *George v George,* 192 AD2d 693). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.