■ MARIA HUGHES, Respondent, v MICHAEL J. HUGHES, Appellant. [617 NYS2d 56] —In an action for divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, Jr., J.) dated October 14, 1992, as granted the branch of the wife's motion which was for interim counsel fees to the extent of awarding the wife the sum of $3,500.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, by deleting the provision thereof which granted the branch of the wife's motion which was for interim counsel fees and substituting therefor a provision referring that branch of the wife's motion to the trial court.

The wife's counsel failed to provide adequate documentation regarding the services that he had rendered in order to fully support the wife's motion for interim counsel fees. The wife's counsel did not submit his time records or otherwise provide a breakdown of the services that he had rendered and the time that he had expended on each service, nor did he confirm the wife's statement in her affidavit that she had paid him $2,500 on account. Moreover, neither the wife nor her counsel established the nature of their relationship or whether they had executed a retainer agreement. Under these circumstances, there is no basis upon which to determine the amount of interim counsel fees that should be awarded to the wife or whether the amount that was awarded is proper (see, Domestic Relations Law § 237; *Mulcahy v Mulcahy,* 170 AD2d 587; *Cronin v Cronin,* 158 AD2d 447).

We have reviewed the husband's remaining contentions and conclude that they are without merit. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.