■ PAULINE CORRAO, Respondent, v PAUL CORRAO, Appellant. [619 NYS2d 647] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated June 9, 1993, as granted the plaintiff wife's motion for pendente lite relief to the extent of (1) awarding her (i) $300 for real estate appraisal fees, (ii) $400 for pension appraisal fees, (iii) interim counsel fees of $1,000, and (iv) $50 per week in interim maintenance, and (2) directing the defendant husband to pay all carrying charges on the marital home and to cure the default in mortgage payments.

Ordered that the appeal from so much of the order as awarded the wife $300 in real estate appraisal fees, and directed the defendant husband to pay all carrying charges on the marital home and to cure the default in mortgage payments is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, by vacating the provisions thereof which awarded the plaintiff wife $400 for pension appraisal fees and $1,000 for interim counsel fees, and substituting therefor a provision granting the plaintiff wife leave to renew her application for these fees before the trial court upon a proper showing of the work required to be performed; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

Since the marital home has already been foreclosed upon, the plaintiff wife's application for real estate appraisal fees and the propriety of the direction that the defendant husband

pay the carrying charges on the home and cure the mortgage default have become academic.

As the plaintiff wife failed to provide a sufficient basis upon which to determine an appropriate amount of pension appraisal and interim counsel fees, the court improperly awarded those fees (see, Ahern v Ahern, 94 AD2d 53). However, since it appears that such fees may be necessary, the plaintiff wife may renew her application before the trial court upon a sufficiently detailed showing of the work required to be performed (see, Gastineau v Gastineau, 127 AD2d 629).

In awarding the plaintiff wife $50 per week in pendente lite maintenance, the court arrived at a reasonable accommodation between the needs of the plaintiff wife and the financial ability of the defendant husband to provide for those needs (see, Salerno v Salerno, 142 AD2d 670; Stern v Stern, 106 AD2d 631). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.