■ LAURA CAVANAGH, Respondent, v DANIEL J. CAVANAGH, Appellant. [642 NYS2d 87] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated May 15, 1995, as granted those branches of the motion of the plaintiff wife which were for temporary child support and the carrying charges for the marital residence, the payment of child support arrears, and interim counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of an award of pendente lite relief is to " 'tide over the more needy party, not to determine the correct ultimate distribution' " (*Roach v Roach,* 193 AD2d 660; *Yecies v Yecies,* 108 AD2d 813, 814). The court's award was not an improvident exercise of discretion since the record indicates that the court gave consideration to the respective parties' financial circumstances and the expenses and needs of the couple's chil-

dren, specifically indicating that its order was based upon the exhibits submitted by the parties. Any perceived inequities in the pendente lite award may be best remedied by a speedy trial where the financial circumstances of the parties can be fully explored (*see, Roach v Roach, supra,* at 660; *Samuelsen v Samuelsen,* 124 AD2d 650, 651).

The court's directive that the defendant reduce his child support arrears at the rate of $275 per week is not unreasonable considering that the defendant had a continuing legal obligation to make child support payments. As a result of his failure to do so, the plaintiff has numerous overdue child care bills, which continue to build, as well as loans from friends which must be repaid.

The defendant's remaining contentions are without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.