■ Dennis Campanella, Appellant, v Marilyn Campanella, Respondent. [648 NYS2d 698] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an amended order of the Supreme Court, Kings County (Patterson, J.), dated September 20, 1995, which, upon granting those branches of the defendant's motion which were for pendente lite relief and denying his cross motion for pendente lite relief, directed him, inter alia, to pay $300 per week for temporary child support and $100 per week for temporary maintenance.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

We find unpersuasive the plaintiff's contention that the Supreme Court improvidently exercised its discretion in awarding temporary maintenance, child support, and other pendente lite relief. While the Supreme Court should have set forth the

factors it considered in reaching its determination *(see, Weber v Weber,* 186 AD2d 189; *LoMuscio-Hamparian v Hamparian,* 137 AD2d 500), our review of the relevant evidence demonstrates that the order is supported by the record. The statement of net worth submitted by the defendant estimated the monthly living expenses for her and the parties' children at $4,966, and further listed values for the parties' securities and real estate holdings. While the plaintiff's net worth statement estimated his income for 1994 at between $8,000 and $10,000, this claim is called into question by evidence that he owns real property from which he receives substantial rental income, that he receives payments pursuant to a note, and that his earnings in prior years were far greater than he alleged in his own papers and at oral argument before the Supreme Court. Under these circumstances, and upon the limited evidence before us, we find that the court's award of temporary financial relief constituted an appropriate accommodation between the financial ability of the plaintiff to afford the relief and the reasonable needs of the defendant and children. The plaintiff's remedy for any perceived inequity in the pendente lite order is a speedy trial *(see, Beige v Beige,* 220 AD2d 636).

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.