■ TED HOROWITZ, Appellant, v AVIVA HOROWITZ, Respondent. [655 NYS2d 980] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated December 5, 1995, as directed him to pay the defendant interim maintenance in the sum of $250 per week, interim child support in the sum of $250 per week, interim counsel fees and expert fees in the sum of $10,000, and to pay all carrying charges on the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the pendente lite relief awarded to the defendant was excessive. We disagree. The purpose of an award of pendente lite relief is to "tide over the more needy party, not to determine the correct ultimate distribution" (Roach v Roach, 193 AD2d 660). "Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, with due regard for the preseparation standard of living (see, Byer v Byer, 199 AD2d 298)" (Kesten v Kesten, 234 AD2d 427; see, Campanella v Campanella, 232 AD2d 598). The remedy for a perceived inequity in a pendente lite order is a speedy trial where the financial circumstances of the parties can be fully explored (see, Campanella v Campanella, supra; Cavanagh v Cavanagh, 227 AD2d 365; Beige v Beige, 220 AD2d 636).

The court did not improvidently exercise its discretion in awarding the defendant interim counsel fees and expert fees (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879; Lieberman v Lieberman, 187 AD2d 567; Cole v Cole, 182 AD2d 738). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.