■ PAULETTE DARVAS, Respondent, v HOWARD DARVAS, Appellant. [662 NYS2d 87] —In a matrimonial action the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated August 5, 1996, as awarded the plaintiff wife maintenance and expert and attorney's fees pendente lite.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the plaintiff's motion which was for an award of expert and attorney's fees to the extent of awarding the plaintiff "the sum of $10,000 towards the costs of trial preparation including expert and attorneys fees", and substituting therefor a provision denying that branch of the motion with leave to renew upon the proper papers; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"[P]endente lite awards for the services of certain experts * * * must be based upon sound judicial discretion after weighing applications which [among other things] set forth in detail * * * the services to be rendered and an estimate of the time involved" (*Ahern v Ahern,* 94 AD2d 53, 58). In this case, the plaintiff did not set forth a sufficient basis upon which to determine an award of expert fees. Her application contained no information concerning the anticipated expert work involved, nor an estimate of the number of hours necessary to complete the work, nor any details with respect to the difficulties involved in evaluating the marital property (*see, Coppola v Coppola,* 129 AD2d 760; *see also, Mockler v Mockler,* 205 AD2d 510; *Roach v Roach,* 193 AD2d 660). Similarly, interim counsel fees should not have been granted as there was inadequate documentation regarding the legal services which had already been rendered (*Cronin v Cronin,* 158 AD2d 447). In particular, the plaintiff's counsel did not submit his time records, or otherwise provide a breakdown of services rendered and the time expended relative to each service (*see, Mulcahy v Mulcahy,* 170 AD2d 587; *see also, Hughes v Hughes,* 208 AD2d 502; *Loewentheil v Loewentheil,* 197 AD2d 677). However, since it appears that expert and legal fees may be necessary, the plaintiff may renew her application upon more substantial papers (*see, Gastineau v Gastineau,* 127 AD2d 629).

The award of temporary maintenance here was not such as to prevent the husband from meeting his own financial needs. In any event, a speedy trial is the proper remedy to rectify any inequities in an order directing the payment of temporary maintenance (*see, Gold v Gold,* 212 AD2d 503; *Messina v Messina,* 101 AD2d 856). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.