■ THOMAS PIALI, Appellant, v NILDA PIALI, Respondent. [668 NYS2d 711] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated por-

tions of an order of the Supreme Court, Queens County (Schmidt, J.), entered January 10, 1997, which, upon determining the parties' respective motions for pendente lite relief, directed him, *inter alia*, to pay $800 per week for temporary maintenance and awarded the defendant the exclusive use and occupancy of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

As has frequently been noted, any perceived inequities in a pendente lite award may best be remedied by a speedy trial, at which the financial circumstances of the parties can be fully explored (*see, Horowitz v Horowitz*, 237 AD2d 490; *Campanella v Campanella*, 232 AD2d 598; *Walker v Walker*, 227 AD2d 469). Modifications of pendente lite awards should rarely be made by an appellate court, and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires (*see, Wallach v Wallach*, 236 AD2d 604; *Beige v Beige*, 220 AD2d 636; *Bagner v Bagner*, 207 AD2d 367). Such interim awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (*see, Polito v Polito*, 168 AD2d 440; *Shapiro v Shapiro*, 163 AD2d 294), with due regard for the parties' preseparation standard of living (*see, Salerno v Salerno*, 142 AD2d 670). The plaintiff's claim on appeal that the pendente lite maintenance award to the defendant constitutes a hardship in light of his limited income is belied by the record, which supports an inference that his income is considerably higher than represented (*see, Campanella v Campanella, supra; Roach v Roach*, 193 AD2d 660). Based upon the foregoing considerations, we conclude that the pendente lite maintenance award of the Supreme Court is proper under the circumstances of this case and should not be disturbed.

The award of interim counsel fees was justified given the issues involved in this case, which include the ownership rights in the various corporations allegedly jointly possessed by the parties, the appreciation in value of their marital residence and vacation home, the accusations surrounding the custody of the parties' child, as well as the parties' unequal financial situation since the defendant has been barred from co-managing the family trucking business with the plaintiff (*see, Ferdinand v Ferdinand*, 215 AD2d 350; *Roach v Roach, supra; Cole v Cole*, 182 AD2d 738).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.