■ JOHN P. COVINGTON, Appellant, v LILIANA COVINGTON, Respondent. [673 NYS2d 746] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 8, 1997 in Ulster County, which granted defendant's motion for pendente lite relief.

While the record in this divorce action provides ample justification for Supreme Court's finding that defendant is entitled to interim relief in the form of counsel and expert fees, it furnishes no basis for determining the amounts that should be awarded for these purposes; hence, the awards of $15,000, $7,500 and $1,500, respectively, for counsel, accounting and appraisal fees, cannot stand (*see, Roach v Roach*, 193 AD2d 660, 661). Defendant has not submitted any proof, in the form of experts' affidavits or otherwise, as to the particular financial experts to be utilized, the number of hours of work to be performed or the rates to be charged therefor (*compare, Dzembo v Dzembo*, 160 AD2d 1144, 1145). Absent such a showing, there is no evidentiary foundation from which to ascertain the amount necessary for accounting and appraisal fees (*see, Fischler v Fischler*, 184 AD2d 680, 681; *Ganin v Ganin*, 114 AD2d 883, 884). Moreover, while the itemized bill annexed to defendant's counsel's affidavit is sufficient to enable the court to review the legal fees defendant has already incurred (totaling $4,905), there is no evidence from which an appropriate prospective fee award can be fairly established. Without any proof as to the actual work that counsel anticipates will be required to resolve this matter, or the particulars of her fee arrangement with defendant, the award of $15,000 cannot be upheld (*see, Hughes v Hughes*, 208 AD2d 502; *Mulcahy v Mulcahy*, 170 AD2d 587, 588; *cf.*, 22 NYCRR 202.16 [k] [3]). Although these interim fee awards must be vacated, we do so without prejudice to defendant's renewal of her application upon a proper evidentiary showing.

Plaintiff's remaining contentions are unavailing. Supreme Court did not err in ordering plaintiff to disclose the documents he intends to rely on to support his assertion that the

bulk of the assets amassed during the parties' 24-year union are his separate property, or be barred from introducing these documents into evidence. While plaintiff suggests that defendant's failure to seek vacatur of the note of issue and certificate of readiness should preclude her from obtaining this relief, this ignores what is undeniable, that Supreme Court may vacate a note of issue at any time, on its own initiative, if it finds that the representations contained in the certificate of readiness are inaccurate (*see*, 22 NYCRR 202.21 [e]; *Levy v Schaefer*, 160 AD2d 1182, 1183). And, although the court did not explicitly state that it was vacating the note of issue *sua sponte*, its directives with respect to discovery and the payment of expert fees clearly evince its intent to do so and have the same practical effect. Moreover, given plaintiff's disingenuous certification that appraisals had been waived and discovery completed, it was well within Supreme Court's discretion to take such action. Since the trial court has broad authority to "make such orders * * * as are just" with respect to a party's failure to disclose information that "the court finds ought to have been disclosed" (CPLR 3126; *see*, *Herzog v Progressive Equity Funding Corp.*, 199 AD2d 897, 898), there is no reason to interfere with Supreme Court's resolution of these issues.

With respect to plaintiff's remaining contention—that Supreme Court erred in directing him to pay their son's college expenses to the extent that they exceed 40% of the $11,840 balance of a trust account created for that purpose, and funded entirely from defendant's income—we are of the view that this constitutes an appropriate temporary remedy in light of the parties' present financial circumstances and their son's needs; any inequity in this aspect of the order can be ameliorated by a speedy trial (*see*, *Campanella v Campanella*, 232 AD2d 598, 599; *Berger v Berger*, 125 AD2d 285, 286).

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for interim counsel and experts' fees; motion denied to that extent, without prejudice; and, as so modified, affirmed.