■ Linda Selznick, Respondent-Appellant, v Steven O. Selznick, Appellant-Respondent. [673 NYS2d 919] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated June 9, 1997, as denied that branch of his cross motion which was to vacate so much of a preliminary conference order of the same court, dated April 9, 1997, as directed him to pay the cost of appraisals of certain real property and an accountant's report, and (2) the plaintiff wife cross-appeals, as limited by her brief, from so much of the order dated June 9, 1997, as awarded her pendente lite maintenance retroactive only to June 1, 1997.

Ordered that the order dated June 9, 1997, is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of the defendant's cross motion which was to vacate so much of the preliminary conference order dated April 9, 1997, as directed him to pay the cost of appraisals of certain real property and an accountant's report is granted, the preliminary conference order dated April 9, 1997, is amended accordingly, the provision of the order dated June 9, 1997, which granted the plaintiff

temporary maintenance commencing June 1, 1997 is deleted, and a provision granting her temporary maintenance commencing March 17, 1997, is substituted therefor.

The Supreme Court erred in directing the defendant to pay the cost of appraisals of certain real property and an accountant's report as the plaintiff failed to submit a proper application for such relief, including, *inter alia*, "the services to be rendered and an estimate of the time involved" (*Ahern v Ahern*, 94 AD2d 53, 58; Domestic Relations Law § 237 [d]; *see also, Darvas v Darvas*, 242 AD2d 554; *Corrao v Corrao*, 209 AD2d 573; *Roach v Roach*, 193 AD2d 660). The plaintiff may renew her application upon proper papers (*see, Corrao v Corrao, supra; Roach v Roach, supra*).

As the defendant correctly concedes, the Supreme Court should have made the award of temporary maintenance effective as of March 17, 1997, the date of service of the plaintiff's application (*see,* Domestic Relations Law § 236 [B] [6]; *Caviolo v Caviolo*, 155 AD2d 410; *Dooley v Dooley*, 128 AD2d 669). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.