■ CHRISTINE VALENTE, Appellant, v ANTHONY VALENTE, Respondent. [703 NYS2d 206] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of (1) an amended order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 19, 1999, as denied those branches of her motion which were for temporary maintenance, appraisal fees, and additional expenses, and granted that branch of her motion which was to direct the defendant husband to pay temporary child support only to the extent of $3,000 per month, and (2) an order of the same court dated February 26, 1999, as, upon granting renewal and reargument, directed the defendant husband to pay only $1,000 per month in child care expenses and adhered to so much of the prior amended order as denied her request for temporary maintenance, appraisal fees, and additional expenses.

Ordered that the appeal from the amended order dated January 19, 1999, is dismissed, as that order is superseded by the order dated February 26, 1999, made upon renewal and reargument; and it is further,

Ordered that the order dated February 26, 1999, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff wife's contention, the parties' prenuptial agreement forecloses her from seeking any award of

maintenance from the defendant husband, including maintenance pendente lite (see, *Clanton v Clanton,* 189 AD2d 849, 850). The parties broadly and unequivocally agreed that in the event of separation, divorce, or annulment, "[n]either party shall have any rights to support, alimony or maintenance from the other". It is undisputed that the parties were separated. Moreover, there is no evidence to support the plaintiff's contention that the prenuptial agreement is unconscionable (see, Domestic Relations Law § 236 [B] [3]) or that she is "incapable of self-support and therefore is likely to become a public charge" if the agreement is enforced (General Obligations Law § 5-311).

Regarding the award of temporary child support, the purpose of a pendente lite award is to "tide over the more needy party, not to determine the correct ultimate distribution" (*Yecies v Yecies,* 108 AD2d 813, 814). Moreover, any perceived inequities in a pendente lite award are best remedied by a speedy trial where the financial circumstances of the parties can be fully explored (see, *Roach v Roach,* 193 AD2d 660). In any event, the Supreme Court properly considered the parties' relative financial status and the economic needs of their two children (see, *Cavanagh v Cavanagh,* 227 AD2d 365).

The plaintiff wife's remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.