In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v GARY DICKENSON, Appellant.

Third Department, October 28, 1976

John D. Charles for appellant.

Robert Lyman (David A. Dietrich of counsel), for respondent.

MAHONEY, J. On June 11, 1975 appellant's wife, a recipient of public assistance, filed a petition for support. Family Court, on July 11, 1975, issued an order requiring appellant to pay $50 per week for the support of his wife and child.* This order was amended on July 25, 1975 by reducing the amount to $40 per week. On August 8, 1975 appellant moved for an order modifying the July 25th order by reducing his weekly support obligation to $20.15 per week. The motion was denied on September 30, 1975 and this appeal is from that order only, and not from the amended order of July 25, 1975.

The new or changed circumstances which appellant urged upon the court below as justifying modification were the enactment of "Title IV of the Social Security Act as amended in 1974, and as effective August 1, 1975." While a statutory change altering a husband's obligation to support his family would qualify as a material change of circumstances that would compel judicial modification of extant support orders in conflict with such change, no such result is required here since neither the amended Federal law nor the regulations implementing the statute have any application to the facts of this case. In an attempt to comply with title IV of the Social Security Act, this State compounded a formula which specifies that the "absent parent shall be entitled to an exclusion of $325.00 per month from his net income for his own support and maintenance." Since appellant's per month income is $411.65 from unemployment compensation and the $325 exclusion would leave $86.64 per month, it follows, appellant argues, that his maximum weekly obligation should only be $20.15. However, the provision which mandates the creation by the respective States of formulae for support payments by absent husbands, specifically states that such formulae should not be applied to court orders (US Code, tit 42, § 656, subd [a], par [1]). Paragraph (1) of subdivision (a) of section 456 of the Social Security Act, as amended, states:

"(1) the amount of such obligation shall be—

"(A) the amount *specified in a court order* which covers the assigned support rights, *or*

"(B) if there is *no court order,* an amount determined by the State in accordance with a *formula* approved by the Secretary". (Emphasis supplied.)

---

* Appellant's wife is not a party to this appeal, having assigned all her rights under the July 11, 1975 order to the Albany County Department of Social Services, the petitioner herein.

Clearly, since use of a support formula is not required when a court order exists establishing the support obligation and, further, since appellant chose only to advance the statutory change as "changed circumstances" and failed to spread upon the record his expenses and other fiscal obligations as they might relate to his ability to make the support payments, the court below was correct in concluding that since the change in the law did not apply to the support order, there was an absence of any "changed circumstances" justifying modification.

The order should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Order affirmed, without costs.