■ KATHERINE A. CANFIELD, Appellant-Respondent, v JAMES CANFIELD, Respondent-Appellant.—Cross appeals from an order of the Supreme Court at Special Term, entered February 5, 1976 in Rensselaer County, which modified a prior decree of divorce by increasing the award for child support, abolishing provisions for alimony, and awarding respondent wife counsel fees. An amended separation agreement was incorporated, but not merged, in a subsequent decree of divorce and petitioner was paying his former wife the sum of $50 per week for the support of the child of their marriage and $60 per week alimony. Based on his allegation of a change in circumstances, Special Term directed the abolition of all past and future alimony payments under the agreement and its former decree, but granted respondent wife's cross motion to the extent of increasing child support payments to the sum of $65 per week and awarding her counsel fees in the amount of $350. The opposing arguments of the parties present no compelling reason to disturb Special Term's order insofar as it relates to child support payments and counsel fees. However, the elimination of alimony payments was improper. Petitioner mounted no attack on the validity of the surviving separation agreement. Consequently, although he might nevertheless secure a modification of the divorce decree in an appropriate case, it was error for Special Term to direct a reformation of that agreement (cf. Domestic Relations Law, § 236; *McMains v McMains,* 15 NY2d 283; *Goldman v Goldman,* 282 NY 296). Furthermore, a substantial change of circumstances must be demonstrated to justify a modification of the alimony provisions of a divorce decree for, having once performed its function, a court should not be lightly asked to resettle the same question *(Kover v Kover,* 29 NY2d 408, 413). Petitioner's application for a downward adjustment was made less than three years after the date of the decree on but the skimpiest of allegations that his income had been reduced in the intervening period while his expenses had increased. Barren of detailed factual support, his moving papers were insufficient to merit the relief sought. Respondent's proof was similarly inadequate and we affirm the implicit denial of her request for an increased amount of alimony. Since respondent did not attempt to establish or enforce her right to any arrearages in alimony payments, nor did petitioner apply to be relieved therefrom, it was also error for Special Term to pass upon that issue. Finally, we are advised that respondent has remarried during the pendency of this appeal and, if that be so, petitioner is now entitled to have that portion of the decree directing the payment of alimony annulled upon proof of such marriage (Domestic Relations Law, § 248). Accordingly, the order appealed from should be modified by deleting the second decretal paragraph and thus requiring petitioner to continue to pay respondent the sum of $60 per week alimony until the date of her remarriage. Order modified, on the law and the facts, by deleting the first decretal paragraph thereof and matter remitted for further proceedings consistent herewith,

and, as so modified, affirmed, with costs to respondent. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.