■ HAROLD LANGLITZ, Appellant, v AUDREY LANGLITZ, Respondent.— Appeal from an order of the Family Court of Albany County, entered February 20, 1979, which denied appellant's motion for a downward modification of the alimony provision of a judgment of divorce dated September 20, 1971 and denied respondent's cross motion for an upward modification. The parties were married in 1949 and divorced in September, 1971. In the judgment of divorce, appellant was ordered to pay alimony to respondent in the amount of $15,000 per year and also to pay $1,000 per year in support for each of the three children of the marriage who were in respondent's custody. Appellant was awarded custody of the fourth child of the marriage. By an order to show cause dated April 24, 1978, appellant moved for a downward modification of the alimony provision in the 1971 judgment of divorce. The matter was referred to the Family Court of Albany County and a hearing was held. At the hearing, there was testimony to the effect that the oldest child of the marriage was then 26 years of age; that two other children, Mark, age 21, and Susan, age 20, were then in college and their college expenses were being paid by appellant; that the youngest child, Harold, age 18, was residing in New Hampshire and working full time in a woolen mill; and that none of the children of the marriage were residing with respondent. Appellant was earning a gross salary of approximately $43,000 at the time of the divorce and he was entitled to certain fringe benefits such as an expense account and the use of an automobile. At the time of the hearing, appellant testified that his present annual gross income was $59,500 and he still retained the previously mentioned fringe benefits.

Prior to the divorce, respondent gave private piano lessons at home. She was employed at the time of the hearing as a teacher and her gross annual salary was approximtely $8,700. The Family Court denied appellant's motion for a downward modification of the alimony provision of the judgment of divorce and also denied respondent's cross motion for an upward modification. This appeal ensued. In order to justify a modification of the alimony provisions of a judgment of divorce, a substantial change of circumstances must be shown (Kover v Kover, 29 NY2d 408; Canfield v Canfield, 55 AD2d 694), and the burden of proving such a change rests upon the party seeking the modification (Hickland v Hickland, 56 AD2d 978). In the instant case it was necessarily anticipated that the children of the marriage would eventually become emancipated. We are not here dealing with a requested reduction in child support, but in alimony. At the hearing, appellant conceded that when he entered into the divorce, it was contemplated that the children would attend college. Upon our view of the entire record, we are of the view that appellant has failed in his burden of demonstrating a substantial change of circumstances and, consequently, the Family Court properly denied his motion for modification of the judgment of divorce. The order, therefore, must be affirmed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.