■ HERMAN MIKLOWITZ, Appellant, v TALLY MIKLOWITZ, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered November 29, 1979 in Schenectady County, which granted defendant's application for arrearages in alimony and denied plaintiff's application for elimination or reduction of alimony. Pursuant to the terms of a separation agreement dated February 25, 1971, which was incorporated in but not merged with a judgment of divorce, entered June 22, 1971, plaintiff agreed, *inter alia,* to make alimony payments of $150 per week to defendant. He fully complied with this provision until September, 1978 when defendant moved to Boston. Since that time, plaintiff has refused to make the payments and defendant sought a judgment for arrearages. In response, plaintiff sought to have the alimony payments eliminated on the ground that defendant was living with another man and holding herself out to be his wife, or, in the alternative, to have the alimony payments reduced due to change of circumstances. Following a trial without a jury, the trial court granted the relief requested by defendant and denied plaintiff's applications. This appeal ensued. The issues presented are whether the trial court erred in denying plaintiff relief under either section 248 or section 236 of the Domestic Relations Law. We agree with the trial court's conclusion that "the proof adduced has conclusively established that the defendant is 'habitually living with another man', [but] there is no proof that she has, either by word or deed, ever claimed to be his wife." In our view, this case is factually indistinguishable from *Northrup v Northrup* (43 NY2d 566) and, thus, denial of plaintiff's request for relief under section 248 of the Domestic Relations Law was required. With regard to the reduction in alimony pursuant to section 236 of the Domestic Relations Law, plaintiff had the burden of establishing a substantial change in circumstances in order to justify such a reduction *(Langlitz v Langlitz,* 73 AD2d 740). Plaintiff contends that defendant no

longer needs alimony since "she has been so handsomely supported by her paramour". While defendant's financial circumstances are certainly relevant (see *Phillips v Phillips,* 1 AD2d 393, affd 2 NY2d 742), there is no proof that there has been a substantial change in defendant's means. More importantly, however, the plaintiff failed to introduce any evidence concerning his own financial condition, precluding examination of the relative financial circumstances of the parties (see *Kover v Kover,* 29 NY2d 408; *Weisberger v Weisberger,* 57 AD2d 535). Thus, the trial court properly denied his application to modify the alimony award (cf. *Matter of Albany County Dept. of Social Servs. v Dickenson,* 54 AD2d 102). Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.