■ HESTER STIRBER, Respondent, v BUD STIRBER, Appellant. —In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated December 10, 1986, which denied his motion for downward modification of his maintenance obligation under a judgment of divorce and which granted the plaintiff wife's cross motion for leave to enter a money judgment for arrears.

Ordered that the order is affirmed, with costs.

The defendant failed to demonstrate any substantial change in circumstances sufficient to warrant a downward modification of his maintenance obligation *(see, Kover v Kover,* 29 NY2d 408; *Ardito v Ardito,* 97 AD2d 830). In any event, the alleged changes in the defendant's financial position were either anticipated by him when he entered into the stipulation of settlement which was incorporated into the judgment of divorce *(see, Langlitz v Langlitz,* 73 AD2d 740) or were self-imposed *(see, Hickland v Hickland,* 39 NY2d 1, *rearg denied* 39 NY2d 943, *cert denied* 429 US 941; *Weinberg v Weinberg,* 95 AD2d 828). Furthermore, the court properly denied the defendant's motion without an evidentiary hearing inasmuch as he failed to set forth sufficient allegations to warrant a downward modification *(cf., Levinson v Levinson,* 97 AD2d 458), and presented no issue of fact which required resolution at a hearing *(see, O'Neill v O'Neill,* 109 AD2d 829; *Ardito v Ardito, supra).* Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.