■ Paul Stock, Appellant, v Monique Stock, Respondent. [609 NYS2d 431] —White, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Ruskin, J.), entered April 10, 1991 in Westchester County, which partially granted defendant's motion to, *inter alia,* sequester plaintiff's interest in the parties' former marital residence, (2) from an order of said court, entered March 3, 1992 in Westchester County, which, *inter alia,* granted defendant's motion for child support arrears, and (3) from an order of said court, entered March 3, 1992 in Westchester County, which, upon reargument, adhered to its prior decision denying plaintiff's motion to modify his child support obligations.

The record shows that after a trial of this marital action involving, *inter alia,* questions of support and custody, a supplemental judgment of divorce was entered on October 11, 1990. The judgment provided, *inter alia,* that defendant was to have sole custody of the parties' minor child, then age nine, as well as exclusive possession of the former marital home in Westchester County, which would be sold and the net proceeds distributed equally to the parties when the child reached 18 or completed high school, but in no event beyond the date on which said child attained the age of 19 years. In addition, child support was fixed in the amount of $125 per week to be paid by plaintiff, who also was responsible for one half of all uncovered medical and dental expenses of the child.

The record also indicates that because of a lack of cooperation between the parties, a Sheriff's sale of certain marital property in Dutchess County was ordered to avoid foreclosure. A further court order was also entered which vacated a temporary stay previously obtained by plaintiff of the aforementioned sale. Prior to defendant's motion for sequestration of the marital home in Westchester County, plaintiff signed a confession of judgment in the amount of approximately $75,000 to Louise Lewis. Aside from payments from the now-depleted escrow account resulting from the sale of the Dutchess County property, it appears that plaintiff failed to make voluntary child support payments since December 1987, ostensibly because he was unemployed and unable to obtain work since some time in 1988.

Because of the undisputed evidence that plaintiff has failed

to satisfy his child support obligations, had no earnings which would be subject to garnishment and had no other assets, save his interest in the marital home in Westchester County, Supreme Court properly granted defendant's motion for sequestration of that property (see, Rose v Rose, 138 AD2d 475, 477).

Upon reargument, Supreme Court also adhered to an earlier order which denied plaintiff's request for a downward modification of child support and fixed arrearages on a cross motion. In that earlier order, the court found that plaintiff had not shown that his ability to pay child support decreased and, in any event, the award was based primarily on plaintiff's ability to earn an income. Although an appeal of the earlier order was not perfected, plaintiff now contends that the earlier order prejudiced the court in its order upon reargument as well as another order granting defendant's motion for child support arrears. Plaintiff also contends that the court erred in not conducting a hearing prior to rendering its decision on his motion.

We find that plaintiff's arguments are without merit. Other than self-serving statements, plaintiff has failed to adequately demonstrate an unforeseen substantial change in circumstances sufficient to warrant a downward modification (see, Ardito v Ardito, 97 AD2d 830, 831), and there is no question with respect to defendant's motion for arrears that the arrearages fixed at $4,875 are correct and that counsel fees of $250 were reasonable. It is also noted that there has been no marked change in plaintiff's financial status since the divorce judgment of October 11, 1990, which fixed child support in the amount of $125 per week after trial. Therefore, Supreme Court, being well aware of the circumstances of both parties as a result of this protracted and acrimonious litigation, properly adhered on reargument to its prior order denying plaintiff's motion for downward modification of child support inasmuch as plaintiff failed to set forth any new issues of fact which required resolution at a hearing (see, Stirber v Stirber, 139 AD2d 727).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the orders are affirmed, with costs.