■ In the Matter of DARLENE PANCALDO, Respondent, v PETER PANCALDO, Appellant. [625 NYS2d 683] —Casey, J. Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered December 9, 1993, which denied respondent's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of support.

Less than three weeks after the entry of an order of support which directed respondent to pay child and spousal support in the amount of $233 per week, respondent moved to modify the order. According to respondent, he resigned his management position with an insurance company because of an anticipated decrease in earnings. He returned to a sales position with the same company which he thought would be more lucrative, but the company closed the office where he was working. According to respondent, he had to take a job with the company in a different office where he expected to earn substantially less than the earnings upon which the support order was based.

After a hearing, the Hearing Examiner concluded that respondent had voluntarily reduced his income *(see, Matter of Chenango County Support Collection Unit v De Brie,* 100 AD2d 687). Family Court, however, concluded that regardless of whether respondent had voluntarily reduced his income, he had failed to establish a change of circumstances sufficient to

justify a downward modification of support. On this appeal, respondent contends that because he presented some evidence to support his claim of a decrease in his financial ability to pay support his application should have been granted in the absence of any rebuttal evidence from petitioner. We disagree.

As the party seeking to modify a prior order of support, respondent bore the burden of proof to establish a substantial change in circumstances (see, e.g., Mitchell v Mitchell, 170 AD2d 585). Determinations of respondent's credibility as a witness and the weight to be given to his testimony were matters for Family Court, and we see no basis in the record to disturb its decision. Respondent's self-serving statements about his financial condition, which were often indefinite, speculative and conclusory, were insufficient to meet his burden (see, Stock v Stock, 202 AD2d 914, 915). We also note that although respondent is entitled to attempt to improve his vocational lot, the courts will not require the children to subsidize a parent's financial decision (see, e.g., Matter of Westwater v Donnelly, 204 AD2d 467, 468).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.