In the Matter of WENDY J. BOICE, Respondent, v JEFFREY L. DURANT, Appellant. [645 NYS2d 197] —Order unanimously affirmed without costs. Memorandum: The parties executed a

separation agreement in 1986 providing that respondent father, the non-custodial parent, would pay petitioner $420 per month in child support. The agreement was incorporated but not merged into the divorce judgment, which was entered in 1987. Petitioner commenced this proceeding in 1994 for enforcement of the child support obligation, and respondent cross-petitioned for modification of support based on a change in circumstances. The Hearing Examiner dismissed respondent's cross petition, and Family Court denied respondent's objections thereto. We affirm.

Respondent testified that he earned $6 per hour and about $150 per week in 1986 when he signed the separation agreement. That amounts to an annual gross income of $7,800. Respondent did not submit his 1986 tax return or any other proof to corroborate his testimony regarding his former income. In support of his cross petition, respondent submitted a 1993 joint tax return showing an *adjusted* gross income of $7,974, half of which respondent contends was earned by his present wife, a partner in his dairy farming business. As the Hearing Examiner found, however, respondent's adjusted gross income is not indicative of respondent's standard of living. Respondent paid the home mortgage, taxes and utility bills as farm expenses, which were deducted from gross income on his tax return. He also deducted $33,701 for depreciation of equipment that is not identified in the record. He and his present wife fully support her two children, who live with them, and the couple had $22,000 available for the family in 1993 after farm expenses had been paid. We conclude that respondent failed to establish a substantial change in circumstances to warrant a downward modification of child support (*see*, Domestic Relations Law § 236 [B] [9] [b]; *Matter of Pancaldo v Pancaldo*, 214 AD2d 879; *Stock v Stock*, 202 AD2d 914, 915). Respondent's income has not changed significantly since the parties entered into the separation agreement in 1986 (*see*, *Matter of Boden v Boden*, 42 NY2d 210, 213). Because respondent has not established a substantial change of circumstances, the Child Support Standards Act (CSSA) does not apply (*see*, Domestic Relations Law § 240 [1-b] *[l]*; *Matter of Contino v Ryan*, 193 AD2d 1057, 1058). Thus, we need not reach the issues raised by respondent relating to the computation of his gross income under the CSSA. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Child Support.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.