■ DEBORAH BARSON, Respondent, v ALAN BARSON, Appellant. (Matter No. 1.) In the Matter of ALAN BARSON, Appellant, v DEBORAH KURLANDER, Respondent. (Matter No. 2.) [821 NYS2d 237]—

In a matrimonial action in which the parties were divorced by judgment entered August 6, 2001, which the parties stipulated to consolidate with a child support proceeding pursuant to Family Court Act article 4, the father appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated September 1, 2004, as granted those branches of the mother's motion which were for a money judgment in the amount of $21,525 for child support arrears and an award of an attorney's fee in the sum of $3,500, denied his cross motion for a downward modification of child support, and denied his objections to an order of the Family Court, Westchester County (Kava, S.M.), dated May 5, 2004, which had dismissed his petition for a downward modification of child support.

Ordered that the order and judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof granting that branch of the mother's motion which was for an award of an attorney's fee in the sum of $3,500 and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The child support provisions in a settlement agreement should not be disturbed unless there is a substantial, unanticipated, and unreasonable change in circumstances since the entry of the divorce judgment (*see Matter of Boden v Boden,* 42 NY2d 210 [1977]; *Matter of Beck v Beck,* 228 AD2d 672 [1996]; *Feld v Feld,* 214 AD2d 884 [1995]). A parent's loss of employment may constitute a change in circumstances warranting a downward modification of child support if the parent has diligently sought re-employment (*see Matter of Meyer v Meyer,* 205 AD2d 784 [1994]). The father's conclusory allegations were not sufficient to establish that he diligently searched for a comparable job. Thus, the Supreme Court properly denied his cross motion for a downward modification of child support without conducting an evidentiary hearing (*see Stirber v Stirber,* 139 AD2d 727 [1988]; *Nordhauser v Nordhauser,* 130 AD2d 561 [1987]).

However, the mother failed to comply with the stipulation of settlement, which required her to give the father written notice of his default in the payment of child support and an opportunity to cure the default in order to obtain an attorney's fee. Moreover, the law requires that in order to receive an award of an attorney's fee, there must be sufficient documentation to establish the value of the legal services rendered (*see Sloam v Sloam,* 185 AD2d 808 [1992]; *Koral v Koral,* 185 AD2d 298 [1992]). Here, the attorney's affidavit in support of the mother's

motion, and the retainer agreement attached thereto, were not sufficient to meet this burden. In light of the foregoing, the mother was not entitled to an award of an attorney's fee (see *Reynolds v Reynolds,* 300 AD2d 645 [2002]).

The father's remaining contentions are without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.