■ Lucy Mimran, Respondent, v David Mimran, Appellant. [922 NYS2d 27]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 4, 2009, which, insofar as appealed from, directed defendant to pay plaintiff $200,000 as interim counsel fees, and, as part of defendant's temporary child support obligation, $10,000 per month for housekeeping staff and $10,000 per month for vacations and other recreational expenses, unanimously modified, on the law and the facts, to the extent of vacating the award to plaintiff of $200,000 in interim counsel fees without prejudice to a renewal of the application, and otherwise affirmed.

Based on this record, we cannot conclude that the pendente lite awards for housekeeping staff, vacations and other recreational expenses for the children are disguised temporary maintenance awards in excess of the maintenance provided for in the parties' prenuptial agreement. To be sure, the motion court stated that the award for vacations and recreational expenses was "for plaintiff and the children" (emphasis added). However, the children reside with plaintiff, so we construe the italicized phrase to permit portions of the award to be spent on plaintiff to the extent reasonably necessary in connection with vacations and recreational expenses for the children. Moreover, under all the circumstances and, in particular, the extraordinarily high standard of living to which the children are accustomed (see Baker v Baker, 120 AD2d 374, 375 [1986]), we cannot find that the award was inappropriate.

Regardless of whether plaintiff otherwise made a sufficient showing to support an award of interim counsel fees (see Charpié v Charpié, 271 AD2d 169, 173 [2000]), defendant is cor-

rect that neither plaintiff nor her counsel provided adequate documentation of the amount of fees already paid, the amount required for experts, the dates and nature of the services previously rendered, or the number of hours of work to be performed (*Wolf v Wolf*, 146 AD2d 527 [1989]; *Covington v Covington*, 249 AD2d 735, 735 [1998]; *Hughes v Hughes*, 208 AD2d 502 [1994]; 22 NYCRR 202.16 [k] [3]). Thus, there is insufficient evidence to support an award for outstanding fees already incurred and no basis upon which an appropriate prospective fee award can be determined.

We have considered defendant's other arguments and find them unavailing. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.