[992 NYS2d 852]

VIRGINIA ALVARADO, Plaintiff, v RAYMOND A. ALVARADO, Defendant.

Supreme Court, Richmond County, July 24, 2014

## APPEARANCES OF COUNSEL

*Bruce Behrins*, Staten Island, for defendant.
*Eric Gansberg*, Staten Island, for plaintiff.

## OPINION OF THE COURT

CATHERINE M. DIDOMENICO, J.

The decision and order on this application is as follows:

By notice of motion filed April 9, 2014, defendant husband seeks an order: (1) vacating plaintiff wife's jury demand; (2) vacating wife's demand for a verified bill of particulars; (3) dismissing the affirmative defenses raised by wife in her reply to husband's counterclaim; (4) granting summary judgment on the issue of grounds and holding the judgment in abeyance until the issues of maintenance, equitable distribution, counsel fees, costs, and disbursements of this action have been resolved; (5) awarding husband counsel fees; and (6) sanctioning wife for delaying the disposition of this action.

By jury demand filed March 21, 2014, wife seeks a jury trial on the issue of grounds. By notice of cross motion filed June 3, 2014, wife moves for an order: (1) denying husband's requested relief; (2) awarding wife counsel fees in relation to the present motion; and (3) sanctioning husband for bringing a frivolous motion.

### Summary Judgment

Husband moves for summary judgment on the ground that the parties' marriage has broken down irretrievably for a period in excess of six months. Husband further seeks to hold the judgment in abeyance until the issues of maintenance, equitable distribution, counsel fees, costs, and disbursements have been resolved as required by statute. (*See* Domestic Relations Law § 170 [7].)

Summary judgment may only be granted where there are no material or triable issues of fact. (*See Jablonski v Rapalje*, 14 AD3d 484 [2d Dept 2005]; *see also* CPLR 3212.) When determining a motion for summary judgment, the evidence must be viewed in a light most favorable to the opposing party. (*See Corvino v Mount Pleasant Cent. School Dist.*, 305 AD2d 364 [2d Dept 2003].) Summary judgment may be granted on the issue of grounds for a divorce. (*See Wiecek v Wiecek*, 104 AD2d 935 [2d Dept 1984].)

As this action was commenced after October 12, 2010, the court may grant a judgment of divorce if one party states under oath that the marriage has broken down irretrievably for a period of at least six months. (*See* Domestic Relations Law § 170

[7].)* No judgment of divorce may be granted under this ground until the ancillary issues of equitable distribution, child custody, visitation, counsel fees and expert fees have been resolved by the parties or by a judgment of divorce. (*See* Domestic Relations Law § 170 [7].)

Here, husband makes a sworn statement that the marriage has broken down irretrievably for a period of at least six months in his affidavits in support of the present motion and in support of two separate orders of this court dated September 14, 2012. Husband further states in his affidavit that there is "absolutely no chance of a reconciliation" and that the marriage has been over for years. Moreover, in husband's verified answer and counterclaim dated November 15, 2013, husband swears that the marriage has been irretrievably broken since October 1, 2011. Under the statute, one party's sworn statement that the marriage has broken down irretrievably for a period of six months is sufficient to establish grounds. (*See Townes v Coker,* 35 Misc 3d 543 [Sup Ct, Nassau County 2012]; *see also Filstein v Bromberg,* 36 Misc 3d 404 [Sup Ct, NY County 2012]; Domestic Relations Law § 170 [7].)

While wife claims that the marriage has *not* broken down irretrievably, and argues that this raises a triable question of fact, the court hereby determines that wife is judicially estopped from making this claim. The doctrine of judicial estoppel prevents a party from taking an adverse or inconsistent position on an issue simply because their interests have changed. (*See Karasik v Bird,* 104 AD2d 758 [1st Dept 1984]; *see also Anonymous v Anonymous,* 137 AD2d 739 [2d Dept 1988]; *Tilles Inv. Co. v Town of Oyster Bay,* 207 AD2d 393 [2d Dept 1994].) Judicial estoppel is intended to avoid abuse of the judicial system by preventing a party from obtaining a benefit by taking one position and then asserting a contrary position in the same, or a subsequent proceeding. (*See D & L Holdings v Goldman Co.,* 287 AD2d 65 [2d Dept 2001]; *see also Maas v Cornell Univ.,* 253 AD2d 1 [3d Dept 1999].)

Wife claims that the marriage has not broken down irretrievably for a period of six months. In support of this position, wife argues that she is a religious Catholic and is opposed to divorce. However, in wife's verified complaint dated June 26,

---

* The legislature enacted Domestic Relations Law § 170 (7) as a no-fault ground for divorce to lessen disputes between the parties, reduce litigation costs, and "promote judicial economy by obviating the necessity of a trial on the issue of fault." (*See Rinzler v Rinzler,* 97 AD3d 215, 218 [3d Dept 2012].)

2012, wife swore that the parties' marriage had broken down irretrievably for a period of at least six months prior to the commencement of the action. This sworn to admission was repeated and codified in two separate consent orders of this court dated September 14, 2012. The first of these orders, the preliminary conference order, states that the issue of grounds is resolved in wife's favor under Domestic Relations Law § 170 (7). In addition, on that date, the parties' entered into a separate "Grounds Order" signed by both parties, which reaffirmed that the issue of grounds was resolved with the understanding that a judgment could not be issued until the resolution of maintenance, equitable distribution and counsel fees. The court fully allocuted the parties, with counsel present, on the contents of these orders.

Wife argues that she erred when filing for divorce because she was emotionally distressed and states that she now believes that her marriage is not irretrievably broken. However, wife only came to this realization in October of 2013. By that time, wife had already stipulated to the grounds for a divorce in the above referenced orders. Husband and wife both relied upon these orders for a period of at least 12 months while the case was litigated. Both parties proceeded under the belief that the grounds for divorce were not being contested. Wife's position in this regard only changed as of her motion dated October 16, 2013, which sought to withdraw her action for divorce. Wife's application was granted, with the caveat that husband was afforded an opportunity to amend his answer to include a counterclaim for divorce. Husband has consistently argued that wife's actions throughout this matter have been calculated to delay the proceeding as husband is not in good health. Husband argues that wife's demand for a jury trial is nothing more than another delay tactic.

It is undisputed that husband has sworn under oath, on at least three occasions, that the parties' marriage has broken down irretrievably, which complies with the requirements of Domestic Relations Law § 170 (7). Wife agreed with this position from the commencement of the action till she sought to withdraw in October of 2013. To the extent that wife now attempts to raise a question of fact regarding the status of their marriage, she is hereby judicially estopped from doing so. (*See Crespo v Crespo*, 309 AD2d 727 [2d Dept 2003]; *see also Peterson v Goldberg*, 180 AD2d 260 [2d Dept 1992].)

Accordingly, husband's motion for summary judgment is hereby granted. However, the judgment shall be held in abey-

ance until the issues of maintenance, equitable distribution, counsel fees, costs, and disbursements of this action have been resolved. (*See Charap v Willett*, 84 AD3d 1000 [2d Dept 2011]; *see also Minkow v Metelka*, 46 AD3d 864 [2d Dept 2007].)

### Verified Bill of Particulars

Husband makes an application to vacate wife's demand for a verified bill of particulars. In light of this court's decision granting summary judgment, wife's request for a verified bill of particulars is moot. (*See Sevenson Envtl. Servs. v New York State Thruway Auth.*, 149 Misc 2d 268 [Ct Cl 1990]; *see also Garnett v Petri*, 64 AD3d 749 [2d Dept 2009].) Thus, wife's request for a verified bill of particulars is denied.

### Counsel Fees

Husband seeks an award of counsel fees in the amount of $4,500. Wife opposes husband's application and cross-moves for an award of counsel fees. In support of husband's application he cites Domestic Relations Law § 237, which provides redress to the non-monied spouse in a divorce action. This court, in its previous decision and order dated August 5, 2013, determined that husband is the monied spouse. Since that date, husband has not provided any documentation to show that the financial status of the parties has changed. Accordingly, husband's application under Domestic Relations Law § 237 is hereby denied.

Husband further argues that wife's actions are frivolous and are intended to unnecessarily delay this action. Husband seeks counsel fees as a sanction for frivolous conduct. (*See* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1.) While the court does not agree with wife's position, her applications do not rise to the level of being frivolous. Therefore, husband's counsel fee application is denied.

In opposition to husband's application for counsel fees, wife requests reciprocal counsel fees relating to this motion. In doing so wife cites the economic discrepancy between the parties. Wife argues that the court must look at the financial circumstances of the parties when making its determination. While wife does not explicitly indicate the statute she relies upon when requesting counsel fees, her application appears to have been made under Domestic Relations Law § 237. Wife's attorney approximates that he has spent 21.5 hours in relation to this motion at a rate of $400 per hour, which calculates to $8,600.

Regardless of whether wife has made a sufficient showing to support an award of interim counsel fees, neither wife, nor her

counsel, has provided adequate documentation to show the nature of the legal services rendered. "Thus, there is insufficient evidence to support an award for outstanding fees already incurred." (*See Mimran v Mimran*, 83 AD3d 550 [1st Dept 2011].) While wife's attorney provides a retainer agreement, this document alone is insufficient to obtain counsel fees. (*See Barson v Barson*, 32 AD3d 872 [2d Dept 2006].) In wife's notice of cross motion filed June 3, 2014, wife's attorney simply provides an approximation of time spent in relation to this motion. In order to receive an award of counsel fees there must be sufficient documentation in the form of time records, including the time expended relative to each service. (*See Barson v Barson*, 32 AD3d 872 [2d Dept 2006]; *see also Darvas v Darvas*, 242 AD2d 554 [2d Dept 1997].) Counsel's affirmation in support of wife's application, without supporting billing documentation, is insufficient to meet this burden. (*See Reynolds v Reynolds*, 300 AD2d 645 [2d Dept 2002].) Therefore, wife's application for counsel fees is denied without prejudice to renew upon a proper showing at or before trial.

Wife further claims that husband's motion is frivolous. Wife's reciprocal request for counsel fees is hereby denied as husband's motion is not frivolous. (*See* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1.)

Affirmative Defenses

Husband makes an application to dismiss the affirmative defenses raised by wife in her response to husband's counterclaim. Husband's application to dismiss is hereby denied; all affirmative defenses raised by wife will be addressed at trial, to the extent that they are not mooted by the court's decision herein.

Conclusion

For the detailed reasons set forth above, husband's motion for summary judgment is granted. Husband's application requesting an order to vacate wife's demand for a verified bill of particulars is hereby granted. Husband's request for counsel fees is denied. Wife's application for counsel fees is denied without prejudice. All affirmative defenses raised by wife will be addressed at trial.

All issues not decided herein are hereby referred to trial.