Matter of Rebore v Woodby (2023 NY Slip Op 05403)

Matter of Rebore v Woodby

2023 NY Slip Op 05403

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-07349
 (Docket Nos. F-5716-20/21, F-5716-20/21A, F-5716-20/21B, F-5716-20/21C, F-5716-20/21E)

[*1]In the Matter of Lauren Rebore, respondent,
v
John Woodby, appellant.

Daniel Szalkiewicz & Associates, P.C., New York, NY (Daniel S. Szalkiewicz and Cali P. Madia of counsel), for appellant.
Campagna Johnson Mady, P.C., Islandia, NY (Bryan R. Johnson of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated August 8, 2022. The order, insofar as appealed from, denied the father's objection to an order of the same court (Jennifer Ann Mendelsohn, S.M.) dated March 22, 2022, granting the mother's motion for an award of attorney's fees to the extent of awarding her $49,691.25 in attorney's fees, based upon the mother's alleged failure to provide the father with notice of his default in paying child support.
ORDERED that the order dated August 8, 2022, is affirmed insofar as appealed from, with costs.
The parties, who were never married, have two children. The mother filed separate petitions to enforce an order of support for the parties' older child dated January 12, 2010 (hereinafter the 2010 order of support), which adopted the child support terms of an agreement entered into by the parties in 2008 for the custody and support of the older child (hereinafter the 2008 agreement), and for an order of support for the parties' younger child. The father also filed a petition to modify the 2010 order of support. Following resolution of the petitions, the mother moved pursuant to Family Court Act § 438 for an award of attorney's fees against the father. In an order dated March 22, 2022, the Support Magistrate granted the mother's motion to the extent of awarding her attorney's fees in the sum of $49,691.25. The father filed objections to the Support Magistrate's order, contending, among other things, that the mother was precluded from seeking an award of attorney's fees because she failed to provide him with notice of his default in paying child support as required by the 2008 agreement. In an order dated August 8, 2022, the Family Court, inter alia, denied the father's objection based upon the mother's alleged failure to provide him with notice of his default in paying child support. The father appeals.
Contrary to the father's contention, the mother's alleged failure to provide him with notice of his default in paying child support pursuant to the 2008 agreement did not preclude an award of attorney's fees under Family Court Act § 438. Irrespective of whether the 2008 agreement [*2]constitutes an enforceable contract between the parties, the plain language of that agreement does not require the mother to provide the father with notice of his default in order to enforce her right to seek an award of attorney's fees or otherwise contain a waiver of her right to seek such fees under Family Court Act § 438 (see Hart v Rosenthal, 173 AD3d 695, 698; cf. Matter of Bernadette R. v Anthony V.L., 205 AD3d 490, 491; Barson v Barson, 32 AD3d 872, 873). Accordingly, the father's objection on this ground was properly denied.
DILLON, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court